# EXHIBIT 3

# NON-DISCLOSURE AGREEMENT

THIS AGREEMENT made and effective on this __17th__ day of __February__, 2015, by and between Crown Equipment Corporation, an Ohio corporation, having a place of business at 40-44 South Washington Street, New Bremen, Ohio 45869, its corporate affiliates and related companies, (hereinafter "Crown"); and the undersigned, __Joseph B Boggs__, both individually and for individual's employer, __Pneu-Mech Systems Mfg. LLC__, having a place of business at __201 Pneu-Mech Drive, Statesville, NC 28625__ (hereinafter "Disclosee").

## WITNESSETH

The parties expect to engage in discussions relating to the technology, marketing, and business aspects of the lift truck industry in the United States and the world, in order to enable Disclosee to perform all functions necessary for the analysis of such opportunities;

It is expected that such discussions require the disclosure and communication of non-public information embodied in verbal communications and tangible things including but not limited to: documents, drawings, computer software, models, books, devices, demonstrations of Crown's novel product features, new and contemplated products, test data, marketing and business plans, and product manufacturing methods (all of which information is hereinafter called "Confidential Information"); and

The parties wish to define their rights with respect to any Trade Secrets and Confidential Information exchanges; and to protect the rights of Crown in that Confidential Information.

In consideration of the premises and the agreements herein contained, it is agreed as follows:

I.

1. Disclosee agrees that all Crown's rights to Confidential Information, including the right to seek protection by way of patent, trademark, and copyrights, are reserved by Crown, and Disclosee will hold all Confidential Information in strict confidence and not disclose Confidential Information to any other person or company, except to an Affiliate, or use any Confidential Information disclosed to Disclosee by Crown, except for such analysis or consulting purposes as Disclosee is requested to provide to Crown, unless expressly authorized in writing to do so by Crown. The parties agree that the occurrence of meetings between the parties constitutes Confidential Information and shall not be disclosed to third parties except according to the terms of this agreement. For the purposes of this Agreement, "Affiliate" shall mean any entity that directly or indirectly is controlled by a party hereto. For these purposes, "control" mean greater than fifty percent (50%) of the voting rights or equity interests of such party.

2. Disclosee agrees that no Confidential Information shall be copied or reproduced in any way without the express prior written permission of Crown, unless necessary for such analysis or consulting purposes.

3. Crown warrants that it has the right to disclose its Confidential Information. Nothing in this Agreement constitutes a license or assignment of any ownership interest in any Confidential Information or any other rights of either Party. Disclosee shall comply with all applicable laws and regulations of the U.S. Export Administration. It is understood that any disclosure of information under this agreement does not constitute a public disclosure, sale or offer for sale.

4. Upon completion of the analysis or consulting by Disclosee, or at the request of Crown, whichever shall occur first, the originals and all copies of all tangible things embodying Confidential Information shall be returned by Disclosee to Crown within ten (10) calendar days of such completion or request, unless otherwise agreed in writing by Crown.

5. Disclosee shall indemnify Crown against all losses (including, but not limited to, reasonable attorneys' fees) incurred as a result of the breach of this Agreement by Disclosee.

6. If legal proceedings are commenced to enforce this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs of suit.

7. Information disclosed by Crown to Disclosee shall not be considered Confidential Information:

   a. if such information is independently developed and rightfully in the possession of recipient prior to the disclosure, provided that such information has not been disclosed by Discloser or Discloser's agents prior to entering this agreement; or

   b. if such information is independently developed and legally obtained from third parties, so long as such information is not obtained, developed, or disclosed in violation of Discloser's rights; or

   c. if such information is in the public domain at the time of the disclosure, excluding information contained in patents pending, if any.

II.

This agreement shall be in full force and effect even if Crown and Disclosee do not enter into any continuing business arrangements after initial discussions.

III.

This agreement is entered into in the State of Ohio and shall be governed by and construed according to the laws of the State of Ohio.

IV.

The obligations of confidentiality, non-disclosure, and non-use set forth above shall terminate three (3) years from the date of the disclosure of any Confidential Information to Disclosee. However, trade secrets must be maintained in confidence as long as and to the extent that such information remains a "trade secret" (as defined by the Uniform Trade Secrets Act) under the law of the State of Ohio. Disclosee agrees that Crown's drawings are trade secrets and Disclosee's duty to maintain the confidentiality of such trade secrets does not expire.

V.

This agreement embodies all of the understandings between the parties hereto concerning the subject hereof, and merges all prior discussions and writings between them as to confidentiality of information, and neither of the parties shall be bound by any conditions, warranties, or representations with respect to confidentiality of information other than as expressly provided in this agreement, or as duly set forth subsequent to the date hereof in writing and signed by parties.

Signor acknowledges that he/she is authorized to sign this agreement and bind his/her employer to its terms.

**DISCLOSEE**

By: _/s/ Joseph B Boggs_
   Joseph B Boggs
Title: CFO
Date: 2/17/2015

**CROWN**

Crown Equipment Corporation

By: _/s/ Paul Knapke_
   Paul Knapke
Title: Purchasing Manager
Date: 2/18/15