UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CIVIL ACTION FILE NO. 5:23-cv-00059

CROWN EQUIPMENT CORPORATION,       )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )
                                   )
DAVID BRADY, WILLIAM TUCKER,       )
JOSEPH BOGGS, BRAWTUS HOLDING      )
COMPANY, INC. (f/k/a Pneu-Mech     )
Systems Manufacturing, Inc.),      )       **DEFENDANT JOSEPH BOGGS'**
BRAWTUS, MANAGEMENT COMPANY,       )       **ANSWER TO PLAINTIFF'S**
LLC, PNEU-MECH SYSTEMS             )       **COMPLAINT**
MANUFACTURING, LLC (K.N.A. Pneu-   )
Mech Dissolution, LLC),            )
PNEU-MECH SYSTEMS                  )
MANUFACTURING, INC., UNITED        )
FINISHING SYSTEMS LLC,             )
                                   )
        Defendants.                )
                                   )
_____    )

NOW COMES Defendant Joseph Boggs ("Defendant Boggs") by and through undersigned counsel, responding to Plaintiff's Complaint as follows:

**FIRST DEFENSE AND MOTION TO DISMISS**

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted against Defendant Boggs and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE and ANSWER

1.     The allegations contained in Paragraph 1 do not relate to Defendant Boggs. To the extent Paragraph 1 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied.

2.     The allegations contained in Paragraph 2 do not relate to Defendant Boggs. To the extent Paragraph 2 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied.

3.     The allegations contained in Paragraph 3 do not relate to Defendant Boggs. To the extent Paragraph 3 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied.

4.     The allegations contained in Paragraph 4 do not relate to Defendant Boggs. To the extent Paragraph 4 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied.

5.     The allegations contained in Paragraph 5 do not relate to Defendant Boggs. To the extent Paragraph 5 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied.

## PARTIES

6.     Defendant Boggs lacks information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 6, and therefore denies said allegations.

4883-5777-1123, v. 2

7. Defendant Boggs lacks information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 7, and therefore denies said allegations.

8. Defendant Boggs lacks information sufficient to form a belief as to the truth or falsity of the allegations stated in Paragraph 8, and therefore denies said allegations.

9. The allegations contained in Paragraph 9 are admitted.

10. The allegations contained in Paragraph 10 are admitted upon information and belief.

11. The allegations contained in Paragraph 11 are admitted upon information and belief.

12. The allegations contained in Paragraph 12 are admitted upon information and belief.

13. The allegations contained in Paragraph 13 are admitted upon information and belief.

14. The allegations contained in Paragraph 14 are admitted upon information and belief.

## JURISDICTION AND VENUE

15. Paragraph 15 sets forth legal conclusions that do not require a response from Defendant Boggs. To the extent a response is necessary, Defendant Boggs is not asserting any subject matter defenses at this time. Except as expressly admitted, the allegations of Paragraph 15 are denied.

4883-5777-1123, v. 2

16.     The allegations of Paragraph 16 state a legal contention to which no response is required.  To the extent a response is necessary, Defendant Boggs is not asserting any personal jurisdiction defenses at this time. Except as expressly admitted, the allegations of Paragraph 16 are denied.

17.     The allegations of Paragraph 17 state a legal contention to which no response is required.  To the extent a response is necessary, Defendant Boggs is not asserting any venue defenses at this time. Except as expressly admitted, the allegations of Paragraph 17 are denied.

## FACTUAL BACKGROUND

### I.     PNEU-MECH 1.0

18.     The allegations contained in Paragraph 18 do not relate to Defendant Boggs. To the extent Paragraph 18 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

19.     The allegations contained in Paragraph 19 do not relate to Defendant Boggs. To the extent Paragraph 19 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

### II.     PNEU-MECH 2.0

20.     The allegations contained in Paragraph 20 do not relate to Defendant Boggs. To the extent Paragraph 20 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

4883-5777-1123, v. 2

21.     The allegations contained in Paragraph 21 do not relate to Defendant Boggs. To the extent Paragraph 21 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

22.     The allegations contained in Paragraph 22 do not relate to Defendant Boggs. To the extent Paragraph 22 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

23.     The allegations contained in Paragraph 23 do not relate to Defendant Boggs. To the extent Paragraph 23 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

24.     The allegations contained in Paragraph 24 do not relate to Defendant Boggs. To the extent Paragraph 24 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

**III.     PNEU-MECH 3.0**

25.     The allegations contained in Paragraph 25 do not relate to Defendant Boggs. To the extent Paragraph 25 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

26.     The allegations contained in Paragraph 26 do not relate to Defendant Boggs. To the extent Paragraph 26 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

27.     It is admitted that Brawtus and Pneu-Mech 3.0 entered into a buy-sell agreement in December 2017. The asset sale included: goodwill, equipment, inventory, AR, jobs in process, profits, and $500,000 in working capital. It is further

admitted that Brawtus agreed to finance the deal so Pneu-Mech 3.0 could meet monthly notes payments and rent. Except as expressly admitted, the allegations in Paragraph 27 are denied.

28.     The allegations contained in Paragraph 28 do not relate to Defendant Boggs. To the extent Paragraph 28 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

29.     *See* Response to Paragraph 29. Except as expressly admitted in Paragraph 29, the allegations contained in Paragraph 29 are denied.

30.     The allegations contained in Paragraph 30 do not relate to Defendant Boggs. To the extent Paragraph 30 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

31.     It is admitted that Defendant Boggs served as Pneu-Mech 3.0's controller, was on the Board of Managers to uphold the buy-sell agreement, and provided some bookkeeping services for Brawtus. Except as expressly admitted, the allegations of Paragraph 31 are denied.

32.     Admitted, upon information and belief.

33.     The allegations contained in Paragraph 33 do not relate to Defendant Boggs. To the extent Paragraph 33 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

34.     The allegations contained in Paragraph 34 do not relate to Defendant Boggs. To the extent Paragraph 34 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied.

4883-5777-1123, v. 2

35. The allegations contained in Paragraph 35 do not relate to Defendant Boggs. To the extent Paragraph 35 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

36. It is admitted that Defendant Boggs provided Brady and Tucker financial reports. Except as expressly admitted, the allegations of Paragraph 36 are denied.

37. The allegations contained in Paragraph 37 do not relate to Defendant Boggs. To the extent Paragraph 37 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

38. It is admitted that pursuant to the buy-sell agreement Pneu-Mech could not spend more than $10,000 for capital equipment without review and approval by the Board of Managers. Except as expressly admitted, the allegations contained in Paragraph 38 are denied.

39. The allegations contained in Paragraph 39 do not relate to Defendant Boggs. To the extent Paragraph 39 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

40. The allegations contained in Paragraph 40 do not relate to Defendant Boggs. To the extent Paragraph 40 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

41. The allegations contained in Paragraph 41 do not relate to Defendant Boggs. To the extent Paragraph 41 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

4883-5777-1123, v. 2

42. The allegations contained in Paragraph 42 do not relate to Defendant Boggs. To the extent Paragraph 42 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

43. The allegations contained in Paragraph 43 do not relate to Defendant Boggs. To the extent Paragraph 43 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

44. It is admitted that assets were transfer pursuant to a buy-sell agreement. Except as expressly admitted, the allegations contained in Paragraph 44 are denied.

45. The allegations contained in Paragraph 45 are denied.

46. The allegations contained in Paragraph 46 are denied.

## IV. PNEU-MECH 4.0

47. The allegations contained in Paragraph 47 do not relate to Defendant Boggs. To the extent Paragraph 47 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

48. The allegations contained in Paragraph 48 do not relate to Defendant Boggs. To the extent Paragraph 48 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

49. It is admitted that employees were re-hired and Defendant Boggs is the accounting manager for UFS. Except as expressly admitted, the allegations contained in Paragraph 49 are denied.

4883-5777-1123, v. 2

50.     It is admitted that the email referenced in Paragraph 50 is a written document, the contents of which speak for themselves. To the extent the allegations of Paragraph 50 are contradicted by the written document, they are denied. Except as expressly admitted, the allegations contained in Paragraph 50 are denied.

51.     Denied that Defendant Boggs is on the Board of Directors for Pneu-Mech 4.0.

52.     The allegations contained in Paragraph 52 do not relate to Defendant Boggs. To the extent Paragraph 52 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

53.     The allegations contained in Paragraph 53 do not relate to Defendant Boggs. To the extent Paragraph 53 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

54.     The allegations contained in Paragraph 54 do not relate to Defendant Boggs. To the extent Paragraph 54 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

55.     The allegations contained in Paragraph 55 do not relate to Defendant Boggs. To the extent Paragraph 55 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

V.     CROWN AND PNEU-MECH

56.     It is admitted that Defendant Boggs was the CFO for Pneu-Mech 2.0 and executed the Agreement. It is further admitted, the Terms and Conditions and Non-Disclosure agreement referenced in Paragraph 56 are written documents, the

4883-5777-1123, v. 2

contents of which speak for themselves. To the extent the allegations of Paragraph 56 are contradicted by the written documents, they are denied. Except as expressly admitted, the allegations contained in Paragraph 56 are denied.

57.     It is admitted that the Terms and Conditions referenced in Paragraph 57 is a written document, the contents of which speak for themselves. To the extent the allegations of Paragraph 57 are contradicted by the written document, they are denied. Except as expressly admitted, the allegations contained in Paragraph 57 are denied.

58.     It is admitted that the W-9 referenced in Paragraph 58 is a written document, the contents of which speak for themselves. To the extent the allegations of Paragraph 58 are contradicted by the written document, they are denied. Except as expressly admitted, the allegations contained in Paragraph 58 are denied.

59.     The allegations contained in Paragraph 59 do not relate to Defendant Boggs. To the extent Paragraph 59 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

60.     The allegations contained in Paragraph 60 do not relate to Defendant Boggs. To the extent Paragraph 60 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

61.     The allegations contained in Paragraph 61 do not relate to Defendant Boggs. To the extent Paragraph 61 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

4883-5777-1123, v. 2

62. It is admitted that the invoices referenced in Paragraph 62 are written documents, the contents of which speak for themselves. To the extent the allegations of Paragraph 62 are contradicted by the written documents, they are denied. Except as expressly admitted, the allegations contained in Paragraph 62 are denied for lack of information or belief.

63. The allegations contained in Paragraph 63 are denied for lack of information or belief.

64. The allegations contained in Paragraph 64 do not relate to Defendant Boggs. To the extent Paragraph 64 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

65. It is admitted that the proposal referenced in Paragraph 65 is a written document, the contents of which speak for themselves. To the extent the allegations of Paragraph 65 are contradicted by the written document, they are denied. Except as expressly admitted, the allegations contained in Paragraph 65 are denied for lack of information or belief.

66. It is admitted that the Engineering Proposal referenced in Paragraph 66 is a written document, the contents of which speak for themselves. To the extent the allegations of Paragraph 66 are contradicted by the written document, they are denied. Except as expressly admitted, the allegations contained in Paragraph 66 are denied for lack of information or belief.

67. It is admitted that the Engineering Contract referenced in Paragraph 67 is a written document, the contents of which speak for themselves. To the extent

4883-5777-1123, v. 2

the allegations of Paragraph 67 are contradicted by the written document, they are denied. Except as expressly admitted, the allegations contained in Paragraph 67 are denied for lack of information or belief.

68.     It is admitted that the Engineering Contract and invoices referenced in Paragraph 68 are written documents, the contents of which speak for themselves. To the extent the allegations of Paragraph 68 are contradicted by the written documents, they are denied. Except as expressly admitted, the allegations contained in Paragraph 68 are denied for lack of information or belief.

69.     It is admitted that the Construction Proposal referenced in Paragraph 69 is a written document, the contents of which speak for themselves. To the extent the allegations of Paragraph 69 are contradicted by the written document, they are denied. Except as expressly admitted, the allegations contained in Paragraph 69 are denied for lack of information or belief.

70.     It is admitted that the Construction Contract and Purchase Order referenced in Paragraph 70 are written documents, the contents of which speak for themselves. To the extent the allegations of Paragraph 70 are contradicted by the written documents, they are denied. Except as expressly admitted, the allegations contained in Paragraph 70 are denied for lack of information or belief.

71.     The allegations contained in Paragraph 71 do not relate to Defendant Boggs. To the extent Paragraph 71 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

4883-5777-1123, v. 2

72. The allegations contained in Paragraph 72 do not relate to Defendant Boggs. To the extent Paragraph 72 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

73. The allegations contained in Paragraph 73 do not relate to Defendant Boggs. To the extent Paragraph 73 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

74. The allegations contained in Paragraph 74 are admitted upon information and belief.

75. The allegations contained in Paragraph 75, including all subparagraphs, do not relate to Defendant Boggs. To the extent Paragraph 75, including any and/or all subparagraphs is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

76. It is admitted that Pneu-Mech 3.0 was struggling financially in March 2022. Except as expressly admitted, the allegations contained in Paragraph 76 are denied.

77. It is admitted that the Addendum referenced in Paragraph 77 is a written document, the contents of which speak for themselves. To the extent the allegations of Paragraph 77 are contradicted by the written document, they are denied. Except as expressly admitted, the allegations contained in Paragraph 77 are denied for lack of information or belief.

78. It is admitted that the Addendum referenced in Paragraph 78 is a written document, the contents of which speak for themselves. To the extent the

4883-5777-1123, v. 2

allegations of Paragraph 78 are contradicted by the written document, they are denied. Except as expressly admitted, the allegations contained in Paragraph 78 are denied for lack of information or belief.

79.     It is admitted that the Addendum referenced in Paragraph 79 is a written document, the contents of which speak for themselves. To the extent the allegations of Paragraph 79 are contradicted by the written document, they are denied. Except as expressly admitted, the allegations contained in Paragraph 79 are denied for lack of information or belief.

80.     It is admitted that the Addendum referenced in Paragraph 80 is a written document, the contents of which speak for themselves. To the extent the allegations of Paragraph 80 are contradicted by the written document, they are denied. Except as expressly admitted, the allegations contained in Paragraph 80 are denied for lack of information or belief.

81.     It is admitted that the Addendum referenced in Paragraph 81 is a written document, the contents of which speak for themselves. To the extent the allegations of Paragraph 81 are contradicted by the written document, they are denied. Except as expressly admitted, the allegations contained in Paragraph 81 are denied for lack of information or belief.

82.     The allegations contained in Paragraph 82 do not relate to Defendant Boggs. To the extent Paragraph 82 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

4883-5777-1123, v. 2

83.     The allegations contained in Paragraph 83 are denied for lack of information or belief.

84.     The allegations contained in Paragraph 84 are denied for lack of information or belief.

85.     The allegations contained in Paragraph 85 do not relate to Defendant Boggs. To the extent Paragraph 85 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

## VI.     DISREGARD OF CORPORATE FORMS

86.     The allegations contained in Paragraph 86 do not relate to Defendant Boggs. To the extent Paragraph 86 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

87.     The allegations contained in Paragraph 87 do not relate to Defendant Boggs. To the extent Paragraph 87 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

88.     The allegations contained in Paragraph 88 do not relate to Defendant Boggs. To the extent Paragraph 88 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

89.     The allegations contained in Paragraph 89 do not relate to Defendant Boggs. To the extent Paragraph 89 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

4883-5777-1123, v. 2

90.     The allegations contained in Paragraph 90 do not relate to Defendant Boggs. To the extent Paragraph 90 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

91.     The allegations contained in Paragraph 91 do not relate to Defendant Boggs. To the extent Paragraph 91 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

92.     The allegations contained in Paragraph 92 do not relate to Defendant Boggs. To the extent Paragraph 92 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

93.     The allegations contained in Paragraph 93 do not relate to Defendant Boggs. To the extent Paragraph 93 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

94.     The allegations contained in Paragraph 94 do not relate to Defendant Boggs. To the extent Paragraph 94 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

95.     The allegations contained in Paragraph 95 do not relate to Defendant Boggs. To the extent Paragraph 95 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

96.     The allegations contained in Paragraph 96 do not relate to Defendant Boggs. To the extent Paragraph 96 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

4883-5777-1123, v. 2

97.     The allegations contained in Paragraph 97 do not relate to Defendant Boggs. To the extent Paragraph 97 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

98.     The allegations contained in Paragraph 98 do not relate to Defendant Boggs. To the extent Paragraph 98 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

99.     The allegations contained in Paragraph 99 constitute conclusions of law to which no response is required. To the extent Paragraph 99 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

100.     The allegations contained in Paragraph 100 constitute conclusions of law to which no response is required. To the extent Paragraph 100 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

101.     The allegations contained in Paragraph 101 do not relate to Defendant Boggs. To the extent Paragraph 101 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

102.     The allegations contained in Paragraph 102 do not relate to Defendant Boggs. To the extent Paragraph 102 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

103.     The allegations contained in Paragraph 103 constitute conclusions of law to which no response is required. To the extent Paragraph 103 is deemed to

4883-5777-1123, v. 2

contain allegations requiring a response, the same are denied for lack of information or belief.

104.   The allegations contained in Paragraph 104 do not relate to Defendant Boggs. To the extent Paragraph 104 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

105.   The allegations contained in Paragraph 105 do not relate to Defendant Boggs. To the extent Paragraph 105 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

## COUNT ONE
### Negligence Causing Damage to Crown's Property other than the Powder Coating System (Against Pneu-Mech 2.0 and Pneu-Mech 3.0)

106.   No response is required to this Paragraph.

107.   The allegations contained in Paragraph 107 constitute conclusions of law to which no response is required. To the extent Paragraph 107 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

108.   The allegations contained in Paragraph 108 constitute conclusions of law to which no response is required. To the extent Paragraph 108 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

109.   The allegations contained in Paragraph 109 constitute conclusions of law to which no response is required. To the extent Paragraph 109 is deemed to

4883-5777-1123, v. 2

contain allegations requiring a response, the same are denied for lack of information or belief.

110. The allegations contained in Paragraph 110 do not relate to Defendant Boggs. To the extent Paragraph 110 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

111. The allegations contained in Paragraph 111, including all subparagraphs do not relate to Defendant Boggs. To the extent Paragraph 111, and any and/or all subparagraphs is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

112. The allegations contained in Paragraph 112 constitute conclusions of law to which no response is required. To the extent Paragraph 112 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

**COUNT TWO**
**Negligence Causing Damage to the Powder Coating System**
**(Against Pneu-Mech 2.0 and Pneu-Mech 3.0)**

113. No response is required to this Paragraph.

114. The allegations contained in Paragraph 114 constitute conclusions of law to which no response is required. To the extent Paragraph 114 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

115. The allegations contained in Paragraph 115 constitute conclusions of law to which no response is required. To the extent Paragraph 115 is deemed to

4883-5777-1123, v. 2

contain allegations requiring a response, the same are denied for lack of information or belief.

116. The allegations contained in Paragraph 116 constitute conclusions of law to which no response is required. To the extent Paragraph 116 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

117. The allegations contained in Paragraph 117 do not relate to Defendant Boggs. To the extent Paragraph 117 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

118. The allegations contained in Paragraph 118, including all subparagraphs do not relate to Defendant Boggs. To the extent Paragraph 118, and any and/or all subparagraphs is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

119. The allegations contained in Paragraph 119 constitute conclusions of law to which no response is required. To the extent Paragraph 119 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

## COUNT THREE
### Breach of Engineering Contract, Construction Contract and Addendum
### (Against Pneu-Mech)

120. No response is required to this Paragraph.

121. It is admitted that the Engineering Contract, Construction Contract, and Addendum referenced in Paragraph 121 are written documents, the contents of

which speak for themselves. To the extent the allegations of Paragraph 121 are contradicted by the written documents, they are denied. Except as expressly admitted, the allegations contained in Paragraph 121 are denied for lack of information or belief.

122. The allegations contained in Paragraph 122 are denied for lack of information or belief.

123. The allegations contained in Paragraph 123, including all subparagraphs do not relate to Defendant Boggs. To the extent Paragraph 123, and any and/or all subparagraphs is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

124. The allegations contained in Paragraph 124 constitute conclusions of law to which no response is required. To the extent Paragraph 124 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

### COUNT FOUR
### Breach of Fiduciary Duty
### (Against Brady and Tucker)

125. No response is required to this Paragraph.

126. The allegations contained in Paragraph 126 do not relate to Defendant Boggs. To the extent Paragraph 126 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

127.    The allegations contained in Paragraph 127 do not relate to Defendant Boggs. To the extent Paragraph 127 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

128.    The allegations contained in Paragraph 128 do not relate to Defendant Boggs. To the extent Paragraph 128 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

129.    The allegations contained in Paragraph 129 do not relate to Defendant Boggs. To the extent Paragraph 129 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

130.    The allegations contained in Paragraph 130 do not relate to Defendant Boggs. To the extent Paragraph 130 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

131.    The allegations contained in Paragraph 131 do not relate to Defendant Boggs. To the extent Paragraph 131 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

132.    The allegations contained in Paragraph 132 do not relate to Defendant Boggs. To the extent Paragraph 132 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

133.    The allegations contained in Paragraph 133 do not relate to Defendant Boggs. To the extent Paragraph 133 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

4883-5777-1123, v. 2

134. The allegations contained in Paragraph 134 do not relate to Defendant Boggs. To the extent Paragraph 134 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

135. The allegations contained in Paragraph 135 constitute conclusions of law to which no response is required. To the extent Paragraph 135 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

136. The allegations contained in Paragraph 136 constitute conclusions of law to which no response is required. To the extent Paragraph 136 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

## COUNT FIVE
## Breach of Fiduciary Duty
## (Against Boggs)

137. No response is required to this Paragraph.

138. It is admitted that Defendant Boggs served on a Board of Managers for Pneu-Mech 3.0 for the sole purpose of upholding the buy/sell agreement. Except as expressly admitted, the allegations contained in Paragraph 138 are denied.

139. The allegations of Paragraph 139 are denied.

140. It is admitted that Brady and Tucker knew Pneu-Mech 3.0 was insolvent. Except as expressly admitted, the allegations of Paragraph 140 are denied.

141. The allegations of Paragraph 141 are denied.

23

142.     It is admitted that Defendant Boggs owed all duties imposed on him by law. Except as expressly admitted, the allegations contained in Paragraph 142 are denied.

143.     The allegations of Paragraph 143 are denied.

144.     The allegations contained in Paragraph 144 constitute conclusions of law to which no response is required. To the extent Paragraph 144 is deemed to contain allegations requiring a response, the same are expressly denied.

145.     The allegations of Paragraph 145 are denied.

146.     The allegations contained in Paragraph 146 constitute conclusions of law to which no response is required. To the extent Paragraph 146 is deemed to contain allegations requiring a response, the same are expressly denied.

147.     The allegations contained in Paragraph 147 constitute conclusions of law to which no response is required. To the extent Paragraph 147 is deemed to contain allegations requiring a response, the same are expressly denied.

148.     The allegations contained in Paragraph 148 constitute conclusions of law to which no response is required. To the extent Paragraph 148 is deemed to contain allegations requiring a response, the same are expressly denied.

## COUNT SIX
### Aiding and Abetting Breach of Fiduciary Duty
### (Against Boggs)

149.     No response is required to this Paragraph.

4883-5777-1123, v. 2

150. It is admitted that Defendant Boggs was on the Board of Managers and Pneu-Mech 3.0 defaulted on the Note. Except as expressly admitted the allegations contained in Paragraph 150 are denied.

151. The allegations of Paragraph 151 are denied.

152. It is admitted that Defendant Boggs knew that Pneu-Mech 3.0 was insolvent in March 2022. Except as expressly admitted, the allegations contained in Paragraph 152 are denied.

153. The allegations of Paragraph 153 are denied.

154. The allegations contained in Paragraph 154 constitute conclusions of law to which no response is required. To the extent Paragraph 154 is deemed to contain allegations requiring a response, the same are expressly denied.

155. The allegations of Paragraph 155 are denied.

156. The allegations contained in Paragraph 156 constitute conclusions of law to which no response is required. To the extent Paragraph 156 is deemed to contain allegations requiring a response, the same are expressly denied.

157. The allegations of Paragraph 157 are denied.

158. The allegations of Paragraph 158 are denied.

159. The allegations contained in Paragraph 159 constitute conclusions of law to which no response is required. To the extent Paragraph 159 is deemed to contain allegations requiring a response, the same are expressly denied.

4883-5777-1123, v. 2

160. The allegations contained in Paragraph 160 constitute conclusions of law to which no response is required. To the extent Paragraph 160 is deemed to contain allegations requiring a response, the same are expressly denied.

### COUNT SEVEN
### Fraud
### (Against Pneu-Mech 3.0)

161. No response is required to this Paragraph.

162. It is admitted that the Engineering Proposal referenced in Paragraph 162 is a written document, the contents of which speak for themselves. To the extent the allegations of Paragraph 162 are contradicted by the written document, they are denied. Except as expressly admitted, the allegations contained in Paragraph 162 are denied.

163. The allegations contained in Paragraph 163 do not relate to Defendant Boggs. To the extent Paragraph 163 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

164. The allegations contained in Paragraph 164 do not relate to Defendant Boggs. To the extent Paragraph 164 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

165. The allegations contained in Paragraph 165 are denied for lack of information or belief.

166. The allegations contained in Paragraph 166 are denied for lack of information or belief.

4883-5777-1123, v. 2

167.    The allegations contained in Paragraph 167 are denied for lack of information or belief.

168.    It is admitted that the Construction Proposal referenced in Paragraph 168 is a written document, the contents of which speak for themselves. To the extent the allegations of Paragraph 168 are contradicted by the written document, they are denied. Except as expressly admitted, the allegations contained in Paragraph 168 are denied.

169.    The allegations contained in Paragraph 169 do not relate to Defendant Boggs. To the extent Paragraph 169 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

170.    The allegations contained in Paragraph 170 do not relate to Defendant Boggs. To the extent Paragraph 170 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

171.    The allegations contained in Paragraph 171 are denied for lack of information or belief.

172.    The allegations contained in Paragraph 172 are denied for lack of information or belief.

173.    The allegations contained in Paragraph 173 are denied for lack of information or belief.

174.    It is admitted that the Addendum referenced in Paragraph 174 is a written document, the contents of which speak for themselves. To the extent the allegations of Paragraph 174 are contradicted by the written document, they are

denied. Except as expressly admitted, the allegations contained in Paragraph 174 are denied.

175. It is admitted that the Addendum referenced in Paragraph 175 is a written document, the contents of which speak for themselves. To the extent the allegations of Paragraph 175 are contradicted by the written document, they are denied. Except as expressly admitted, the allegations contained in Paragraph 175 are denied for lack of information or belief.

176. It is admitted that Pneu-Mech 2.0 had stopped operations in 2018. Except as expressly admitted, the allegations contained in Paragraph 176 are denied.

177. The allegations contained in Paragraph 177 do not relate to Defendant Boggs. To the extent Paragraph 177 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

178. The allegations contained in Paragraph 178 are denied for lack of information or belief.

179. The allegations contained in Paragraph 179 are denied for lack of information or belief.

180. The allegations contained in Paragraph 180 are denied for lack of information or belief.

181. The allegations contained in Paragraph 181 constitute conclusions of law to which no response is required. To the extent Paragraph 181 is deemed to contain allegations requiring a response, the same are expressly denied.

4883-5777-1123, v. 2

182.   The allegations contained in Paragraph 182 constitute conclusions of law to which no response is required. To the extent Paragraph 182 is deemed to contain allegations requiring a response, the same are expressly denied.

## COUNT EIGHT
### Successor Liability Under North Carolina and Federal Common Law
### (Against Pneu-Mech 3.0)

183.   No response is required to this Paragraph.

184.   The allegations contained in Paragraph 184 constitute conclusions of law to which no response is required. To the extent Paragraph 184 is deemed to contain allegations requiring a response, the same are expressly denied.

185.   The allegations contained in Paragraph 185 do not relate to Defendant Boggs. To the extent Paragraph 185 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

186.   The allegations contained in Paragraph 186 do not relate to Defendant Boggs. To the extent Paragraph 186 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

187.   The allegations contained in Paragraph 187 do not relate to Defendant Boggs. To the extent Paragraph 187 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

188.   The allegations contained in Paragraph 188 do not relate to Defendant Boggs. To the extent Paragraph 188 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

4883-5777-1123, v. 2

189. The allegations contained in Paragraph 189 do not relate to Defendant Boggs. To the extent Paragraph 189 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

190. The allegations contained in Paragraph 190 do not relate to Defendant Boggs. To the extent Paragraph 190 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

191. The allegations contained in Paragraph 191 do not relate to Defendant Boggs. To the extent Paragraph 191 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

192. The allegations contained in Paragraph 192 do not relate to Defendant Boggs. To the extent Paragraph 192 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

## COUNT NINE
### Successor Liability Under North Carolina and Federal Common Law
### (Against Pneu-Mech 4.0)

193. No response is required to this Paragraph.

194. The allegations contained in Paragraph 194 constitute conclusions of law to which no response is required. To the extent Paragraph 194 is deemed to contain allegations requiring a response, the same are expressly denied.

195. The allegations contained in Paragraph 195 do not relate to Defendant Boggs. To the extent Paragraph 195 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

4883-5777-1123, v. 2

196. The allegations contained in Paragraph 196 do not relate to Defendant Boggs. To the extent Paragraph 196 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

197. The allegations contained in Paragraph 197 do not relate to Defendant Boggs. To the extent Paragraph 197 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

198. The allegations contained in Paragraph 198 do not relate to Defendant Boggs. To the extent Paragraph 198 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

199. The allegations contained in Paragraph 199 do not relate to Defendant Boggs. To the extent Paragraph 199 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

200. The allegations contained in Paragraph 200 do not relate to Defendant Boggs. To the extent Paragraph 200 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

201. The allegations contained in Paragraph 201 do not relate to Defendant Boggs. To the extent Paragraph 201 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

202. The allegations contained in Paragraph 202 do not relate to Defendant Boggs. To the extent Paragraph 202 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

4883-5777-1123, v. 2

**COUNT TEN**
**Fraudulent Transfer in Violation of the North Carolina Fraudulent Transfer Act (NCFTA)**
**N.C. Gen. Stat. § 39-23.4 and § 39-23.5**
**(Against Brady, Tucker, Pneu-Mech 2.0, and Pneu-Mech 3.0)**

203.     No response is required to this Paragraph.

204.     The allegations contained in Paragraph 204 constitute conclusions of law to which no response is required. To the extent Paragraph 204 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

205.     The allegations contained in Paragraph 205 do not relate to Defendant Boggs. To the extent Paragraph 205 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

206.     The allegations contained in Paragraph 206 constitute conclusions of law to which no response is required. To the extent Paragraph 206 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

207.     The allegations contained in Paragraph 207 do not relate to Defendant Boggs. To the extent Paragraph 207 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

208.     The allegations contained in Paragraph 208 do not relate to Defendant Boggs. To the extent Paragraph 208 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

4883-5777-1123, v. 2

209. The allegations contained in Paragraph 209 do not relate to Defendant Boggs. To the extent Paragraph 209 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

210. The allegations contained in Paragraph 210 constitute conclusions of law to which no response is required. To the extent Paragraph 210 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

211. The allegations contained in Paragraph 211 do not relate to Defendant Boggs. To the extent Paragraph 211 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

**COUNT ELEVEN**
**Fraudulent Transfer in Violation of the North Carolina Fraudulent Transfer Act (NCFTA)**
**N.C. Gen. Stat. § 39-23.4 and § 39-23.5**
**(Against Brady, Tucker, Brawtus Management, Pneu-Mech 1.0, Pneu-Mech 2.0, Pneu-Mech 3.0, and Pneu-Mech 4.0)**

212. No response is required to this Paragraph.

213. The allegations contained in Paragraph 213 constitute conclusions of law to which no response is required. To the extent Paragraph 213 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

214. The allegations contained in Paragraph 214 do not relate to Defendant Boggs. To the extent Paragraph 214 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

4883-5777-1123, v. 2

215. The allegations contained in Paragraph 215 constitute conclusions of law to which no response is required. To the extent Paragraph 215 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

216. The allegations contained in Paragraph 216 do not relate to Defendant Boggs. To the extent Paragraph 216 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

217. The allegations contained in Paragraph 217, including all subparagraphs, do not relate to Defendant Boggs. To the extent Paragraph 217, including any and/or all subparagraphs is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

218. The allegations contained in Paragraph 218 do not relate to Defendant Boggs. To the extent Paragraph 218 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

219. The allegations contained in Paragraph 219 constitute conclusions of law to which no response is required. To the extent Paragraph 219 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

220. The allegations contained in Paragraph 220 do not relate to Defendant Boggs. To the extent Paragraph 220 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

4883-5777-1123, v. 2

221.   The allegations contained in Paragraph 221 do not relate to Defendant Boggs. To the extent Paragraph 221 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

## COUNT TWELVE
## Common Law Piercing of the Corporate Veil / Alter Ego
### (Against Brady and Tucker)

222.   No response is required to this Paragraph.

223.   The allegations contained in Paragraph 223 constitute conclusions of law to which no response is required. To the extent Paragraph 223 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

224.   The allegations contained in Paragraph 224 do not relate to Defendant Boggs. To the extent Paragraph 224 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

225.   The allegations contained in Paragraph 225 do not relate to Defendant Boggs. To the extent Paragraph 225 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

226.   The allegations contained in Paragraph 226 do not relate to Defendant Boggs. To the extent Paragraph 226 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

227.   The allegations contained in Paragraph 227 do not relate to Defendant Boggs. To the extent Paragraph 227 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

4883-5777-1123, v. 2

228. The allegations contained in Paragraph 228 do not relate to Defendant Boggs. To the extent Paragraph 228 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

229. The allegations contained in Paragraph 229 do not relate to Defendant Boggs. To the extent Paragraph 229 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

230. The allegations contained in Paragraph 230 do not relate to Defendant Boggs. To the extent Paragraph 230 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

231. The allegations contained in Paragraph 231 do not relate to Defendant Boggs. To the extent Paragraph 231 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

232. The allegations contained in Paragraph 232 do not relate to Defendant Boggs. To the extent Paragraph 232 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

233. The allegations contained in Paragraph 233 do not relate to Defendant Boggs. To the extent Paragraph 233 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

## COUNT THIRTEEN
### Alter Ego Doctrine / Single Business Enterprise / Instrumentality Rule
### (Against all Corporate Entity Defendants)

234. No response is required to this Paragraph.

4883-5777-1123, v. 2

235. The allegations contained in Paragraph 235 constitute conclusions of law to which no response is required. To the extent Paragraph 235 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

236. The allegations contained in Paragraph 236 constitute conclusions of law to which no response is required. To the extent Paragraph 236 is deemed to contain allegations requiring a response, the same are denied for lack of information or belief.

237. The allegations contained in Paragraph 237 do not relate to Defendant Boggs. To the extent Paragraph 237 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

238. The allegations contained in Paragraph 238 do not relate to Defendant Boggs. To the extent Paragraph 238 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

239. The allegations contained in Paragraph 239 do not relate to Defendant Boggs. To the extent Paragraph 239 is deemed to contain allegations concerning Defendant Boggs, the allegations are denied for lack of information or belief.

## THIRD DEFENSE
(General Denial)

Defendant Boggs denies all allegations not expressly admitted above, including those contained in Plaintiff's general allegations and prayer for relief. Defendant Boggs expressly denies that any party to this action is entitled to any relief of any kind from Defendant Boggs.

4883-5777-1123, v. 2

## FOURTH DEFENSE
### (Contractual Terms)

Defendant Boggs pleads the terms, provisions, and conditions of any and all contracts, entered into between Defendant Boggs and any other party as a complete bar to the claims of Plaintiff.

## FIFTH DEFENSE
### (Statute of Limitation)

Defendant Boggs affirmatively pleads all applicable statutes of limitations and further states that such statutes of limitations are pled as a complete bar to Plaintiff's claims.

## SIXTH DEFENSE
### (Estoppel, Release, Waiver)

Defendant Boggs affirmatively alleges that certain claims are barred, in whole or in part, by the doctrines of estoppel, release, and waiver so as to preclude recovery from Defendant Boggs.

## SEVENTH DEFENSE
### (Laches and Unclean Hands)

Defendant Boggs alleges and shows that certain claims of Plaintiff are barred by the doctrines of laches and unclean hands.

## EIGHTH DEFENSE
### (Failure to Satisfy Condition Precedent)

Defendant Boggs affirmatively alleges that the claims of Plaintiff are barred, in whole or in part, by failing to fulfill a condition precedent to filing this lawsuit and should therefore be dismissed.

4883-5777-1123, v. 2

## NINTH DEFENSE
### (No Indemnification)

Plaintiff does not have any right to indemnification from Defendant Boggs, as any contract between Plaintiff and Defendant Boggs did not contain an indemnification provision.

## TENTH DEFENSE
### (Causation)

Defendant Boggs' conduct was neither the cause in fact, nor the proximate or legal cause of the alleged damages and injuries complained of by Plaintiff, and Defendant Boggs pleads lack of causation to bar Plaintiff's claims for relief against Defendant Boggs.

## ELEVENTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate damages by undertaking proper preventative or curative measures with respect to any damages allegedly suffered by Plaintiff. Plaintiff is barred from recovering from Defendant Boggs any damages which could have reasonably been mitigated and the same is pled in bar of Plaintiff's claims against Defendant Boggs.

## TWELFTH DEFENSE
### (Set Off)

Defendant Boggs plead the amounts, owed by Plaintiff to Defendant Boggs, and not paid by Plaintiff, as a set off to any amounts sought by Plaintiff.

4883-5777-1123, v. 2

## THIRTEENTH DEFENSE
(Statute of Repose)

Defendant Boggs affirmatively pleads all applicable statutes of repose and further states that such statutes of repose are pled as a complete bar to Plaintiff's claims.

## FOURTEENTH DEFENSE
(Economic Loss Rule)

One or more of Plaintiff's claims are barred by the economic loss rule and the same is pled as a complete bar to all of Plaintiff's claims, except for breach of contract.

## FIFTEENTH DEFENSE
(Contributory Negligence)

If it is found that Defendant Boggs was negligent in any respect whatsoever, which Defendant Boggs denies, then and in that event, other persons or entities besides Defendant Boggs were careless and negligent and such carelessness and negligence of contributed to the damages that Plaintiff may have sustained and was at least one of the proximate causes thereof, and such contributory negligence of other persons or entities is pled in bar of any recovery by Plaintiff against Defendant Boggs.

## SIXTEENTH DEFENSE
(Intervening/Superseding Negligence)

Defendant Boggs alleges and shows that if Defendant Boggs was negligent, which is denied, the injuries and damages sustained by Plaintiff, if any, were due to, caused by and were the direct and proximate result of the intervening and

4883-5777-1123, v. 2

superseding negligence, carelessness, willfulness, and wantonness of others so as to preclude recovery from Defendant Boggs.

## SEVENTEENTH DEFENSE
### (Negligent Acts and Omissions of Third-Parties)

Defendant Boggs alleges and shows that any damages that were incurred by Plaintiff were due to, caused by and were a direct and proximate result of the sole negligence or negligent acts and omissions of others over whom Defendant Boggs had no control whatsoever so as to preclude recovery from Defendant Boggs.

## EIGHTEENTH DEFENSE
### (Causation)

If Plaintiff was damaged as alleged in the Complaint, such damages, if any, were not caused by any fault, negligence, or default on the part of Defendant Boggs, but were caused or resulted by reason of the fault, negligence, gross negligence, or default on the part of some other person or entity or under such circumstances and conditions as to preclude any recovery for those damages, if any, from Defendant Boggs, all of which is plead in bar of any recovery by Plaintiff in this action.

## NINETEENTH DEFENSE
### (Failure to Plead with Particularity)

Plaintiff's Complaint fails to meet the special pleading requirements set forth in Rule 9 of the North Carolina Rules of Civil Procedure and therefore, bars said claims.

4883-5777-1123, v. 2

## TWENTIETH DEFENSE
(Punitive Damages)

Plaintiff's claims for punitive damages are barred because said claims violate the North Carolina Constitution and the Constitution of the United States, including, but not limited to standards of substantive due process and procedural due process in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 14, 19, and 27, of the North Carolina Constitution.

## TWENTY-FIRST DEFENSE
(Limitation of Damages)

Plaintiff has waived its right to consequential, punitive, exemplary, or treble damages.

## TWENTY-SECOND DEFENSE
(Incorporation by Reference of Other Defenses)

Defendant Boggs adopts and incorporates herein by reference any defense favorable to Defendant Boggs asserted by any other party in this action.

## TWENTY-THIRD DEFENSE
(Additional Defenses)

Defendant Boggs reserves the right to assert additional affirmative defenses as may be revealed or available during the course of discovery in the litigation of this action.

WHEREFORE, Defendant Boggs, having fully answered Plaintiff's Complaint, respectfully prays to the Court for the following relief:

1.     That Plaintiff have and recovers nothing from Defendant Boggs;

4883-5777-1123, v. 2

2. That this Court enter an Order dismissing Plaintiff's claims with prejudice;

3. The costs of this action, including reasonable attorneys' fees, be taxed against some other party

4. FOR A TRIAL BY JURY; and

5. For such other and further relief as the Court may deem just and proper.

This the 7th day of August, 2023.

**CRANFILL SUMNER LLP**

/s/  Ryan L. Bostic
Ryan L. Bostic
NC State Bar No. 44982
C. Andrew Dandison
NC State Bar No. 52095
Kayla McDaniel
NC State Bar No. 57995
CRANFILL SUMNER LLP
5535 Currituck Drive Suite 210
Wilmington, NC 28403
Telephone (910) 777-6068
Facsimile (910) 777-6146
Email: rbostic@cshlaw.com
         adandison@cshlaw.com
         kmcdaniel@cshlaw.com
*Attorneys for Defendant Joseph Boggs*

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2023, I electronically filed the foregoing *DEFENDANT JOSEPH BOGGS' ANSWER TO COMPLAINT* with the Clerk of Court using the CM/ECF system which will send notification of this filing and an electronic copy of same to all counsel of record registered with the CM/ECF system.

/s/ Ryan L. Bostic
Ryan L. Bostic
NC State Bar No. 44982
C. Andrew Dandison
NC State Bar No. 52095
Kayla McDaniel
NC State Bar No. 57995
CRANFILL SUMNER LLP
5535 Currituck Drive Suite 210
Wilmington, NC 28403
Telephone (910) 777-6068
Facsimile (910) 777-6146
Email: rbostic@cshlaw.com
adandison@cshlaw.com
kmcdaniel@cshlaw.com
*Attorneys for Defendant Joseph Boggs*

4883-5777-1123, v. 2