IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Statesville Division

CROWN EQUIPMENT CORPORATION, )
Plaintiff, )
)
v. )
) Case No. 5:23-cv-00059-KDB-DCK
DAVID BRADY, *et al.*, )
Defendants. )

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants, David Brady ("Brady"), William Tucker ("Tucker"), Brawtus Holding Company, Inc. ("Brawtus Holding"), Brawtus Management Company, LLC ("Brawtus Management"), and Pneu-Mech Dissolution LLC, formerly known as Pneu-Mech Systems Manufacturing LLC ("the LLC"), hereby submit this motion asking the Court to dismiss this case in its entirety against these defendants. In support of this motion, they state as follows:

1. The contracts and wrongful conduct complained of by Plaintiff, Crown Equipment Corporation ("Crown"), arose well after the LLC had sold all its business assets to Pneu-Mech Systems Manufacturing, Inc. ("the "Corporation"). Compl. ¶¶ 27-29, 67, 69, 77.

2. According to the Complaint, those contracts and alleged wrongful conduct arose, when Jerry Trostle ("Trostle"), an owner of the Corporation, sent a proposal to Crown on letterhead with the LLC's name at the top, even though the LLC had disposed of its assets and sold them to the Corporation months before, and even though Trostle was at that time no longer affiliated with the LLC. *Id.*

3. Accordingly, there is no agency theory by which Trostle could have been an agent of the LLC when he signed documents on behalf of "Pneu-Mech Systems Manufacturing, LLC," especially given that he was not an employee of the LLC at the relevant times and that, by Crown's own admission, he was actively managing (and employed by) the

Corporation, which was a separate entity that had purchased all the assets of the "Pneu-Mech" business. Compl. ¶ 27, 31, 67.

4. Indeed, Crown's own Complaint admits that Crown was invoiced by—and that it paid—the Corporation for the contracts that it says were eventually breached and which are inextricably bound up with the negligent acts of which it has complained. Compl. ¶ 68.

5. Because Trostle was not an agent of the LLC, the LLC cannot be liable for breach of contract, since it had no contract with Crown, nor can it be liable for negligent satisfaction of the contract, since the LLC was not the one engaged in the negligent or other wrongful acts of which Crown complains.

6. Because the LLC is not bound to any of the contracts described in the Complaint, and because it did not engage in any of the acts of which Crown complains, it follows that Crown cannot "pierce the veil" of the LLC and reach the assets of the LLC's owners, Brady and Tucker.

7. Indeed, the only way by which Crown can reach the assets of Brady or Tucker, or the other legal entities they own, Brawtus Holding and Brawtus Management, is through a theory in which the LLC is liable, since North Carolina will only pierce the veil to reach the assets of either an individual owner or a parent corporation of the company whose veil is pierced, contingent upon other well-known conditions that make the underlying owner an "alter ego" of a company.

8. Crown here pushes a novel theory which this federal court, sitting in diversity, should not adopt: that the Court may also "pierce the veil" and reach a director, employee, or other person exerting influence over the decisions of a company, even if that person is not an owner of the company. Compl. ¶¶ 222-39.

9. Likewise, Crown pushes the same novel theory to attempt to reach the assets of Brady and Tucker's legal entities: that the Court may "pierce the veil" and reach the assets of those companies even though they are not parents of the subsidiary company allegedly engaged in wrongdoing. *Id.*

10. These theories are inconsistent with North Carolina law on veil piercing—and the law universally on that subject—which permits a Court to "pierce the veil" only as to owners.

11. Because Brady and Tucker are only owners of the LLC and not the Corporation, and because Brawtus Holding and Brawtus Management are likewise not parents of any of the other defendants in this lawsuit, it follows that this Court cannot pierce the veil and reach the assets of the undersigned Defendants for the wrongdoing alleged in the Complaint. Compl. ¶ 31.

12. Indeed, the entire Complaint with respect to the undersigned Defendants is a naked attempt to reach the assets of persons and entities that were not parties to the contracts at issue, did not engage in any of the wrongful acts of which Crown complains, and had previously sold the Pneu-Mech-branded business to the entirely separate entity with which Crown contracted. *See generally* Complaint.

13. The remaining legal theories are likewise attempts by Crown to label as fraud otherwise ordinary transactions arising from a seller-financed asset sale. Compl. ¶¶ 203-21.

14. Those theories—namely, fraudulent conveyance and breach of fiduciary duties—should likewise fail. *Id.*

15. Crown certainly has recourse for the wrongful conduct of which it complains, but it has that recourse with the Corporation and its owners, not the people that owned and sold the

Pneu-Mech-branded business some time before these events and who are, in effect, strangers to actions of which Crown complains.

16. Therefore, none of the counts can continue against the undersigned Defendants, and they urge this Court to dismiss these counts with prejudice as to them.

WHEREFORE, Brady, Tucker, the Brawtus Companies, and Pneu-Mech Dissolution LLC respectfully request that this Court dismiss all claims as applied to them. Further, these Defendants respectfully request oral argument on this motion since it would particularly aid the Court in the decision-making process on what is a complex case.

Dated: August 21, 2023   BY COUNSEL

/Abbi White Harris/
Abbi White Harris, Esq. (NC Bar No. 59883)
Andrew P. Connors, Esq. (Va. Bar. No. 80248)
(Admitted *Pro Hac Vice*)
DARKHORSE LAW PLLC
8963 Northpointe Executive Park Dr., Suite 260
Huntersville, North Carolina 28078
Phone: 540-553-8149 ext. 701
Fax: 540-301-6460
abbi@darkhorse.law
andrew@darkhorse.law
*Lead Counsel*

and

John Riordan (NC. Bar No. 54973)
FIDELITY LAW GROUP
8511 Davis Lake Pkwy, C6-138,
Charlotte, NC, 28269
Phone: 704-285-8111
j.riordan@theflg.com

*Counsel for Defendants David Brady, William Tucker, Brawtus Holding Co., Inc., Brawtus Management Co., LLC, and Pneu-Mech Dissolution LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served the foregoing on the following counsel of record who are CM/ECF participants:

Toby K. Henderson
Joanna W. Gisel
Sebaly Shillito & Dyer
1900 Kettering Tower
40 North Main Street
Dayton, OH 45423-1900
P: 937-222-2500
F: 937-222-6554
thenderson@ssdlaw.com
jgisel@ssdlaw.com

and

Fred M. Wood, Jr.
Nelson Mullins Riley & Scarborough LLP
301 South College Street, Suite 2300
Charlotte, North Carolina 28202
P: 704-417-3059
F: 704-377-4814
fred.wood@nelsonmullins.com

*Counsel for Plaintiff*

/AbbiWHarris/
Abbi W. Harris, Esq. (NC Bar No. 59883)
DARKHORSE LAW PLLC
8963 Northpointe Executive Park Dr., Suite 260
Huntersville, North Carolina 28078
Phone: 540-553-8149 ext. 701
Fax: 540-301-6460
abbi@darkhorse.law
andrew@darkhorse.law

*Counsel for Defendants Brady,*
*Tucker, Brawtus Holding, Inc.,*
*Brawtus Management LLC, and Pneu-*
*Mech Dissolution LLC*