IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Statesville Division

| | |
|---|---|
| CROWN EQUIPMENT CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:23-cv-00059-KDB-DCK |
| | ) |
| DAVID BRADY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' OBJECTIONS TO RECOMMENDATIONS REGARDING DISPOSITION OF MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 72(b), Defendants David Brady ("Brady"), William Tucker ("Tucker"), Brawtus Holding Company, Inc. ("Brawtus Holding"), Brawtus Management Company, LLC ("Brawtus Management"), and Pneu-Mech Dissolution LLC, formerly known as Pneu-Mech Systems Manufacturing, LLC ("the LLC") (collectively, the "Defendants"), by counsel, hereby respectfully submit these objections to Judge David Keesler's Memorandum and Recommendation (ECF 48) recommending denial of Defendants' Motion to Dismiss for Failure to State a Claim (ECF 37).

Defendants respectfully object to all findings of fact and legal conclusions that serve as a basis for Judge Keesler's recommendation to deny Defendants' Motion to Dismiss. While Defendants agree with Judge Keesler that this case presents complicated facts, in Defendants' view, the facts alleged are so detailed that the Court can conclude as a matter of law that there is no privity between Defendants and Plaintiff on those facts, or the Court can otherwise conclude that Defendants are otherwise uninvolved in the bad acts of which Plaintiff complains and are not otherwise subject to veil piercing for an enterprise they had long since sold when the alleged

1

wrongdoing that is the subject of this lawsuit took place. Notably, the Recommendations do not mention a significant set of facts alleged in the Complaint: that before any problems arose with the work that is the subject of the Complaint, Plaintiff exclusively received invoices from Pneu-mech Systems Mfg, Inc. and exclusively paid that entity. (Compl. ¶¶ 68-73). According to the allegations, this entity, which Trostle and Andrews set up to purchase the business assets of the "Pneu-Mech" enterprise, and which did in fact make that purchase, is definitively the one which was interacting with Plaintiff before any problems arose. (Compl. ¶¶ 27-31, 73). Accordingly, on the facts alleged, it is this enterprise and these owners—owners, incidentally, that are conspicuously unnamed in the Complaint—to which any liability attaches. Therefore, Defendants respectfully object to the Recommendations, and further specifically object as follows:

1. **Breach of Contract.** Defendants respectfully object to Judge Keesler's conclusion that Plaintiff's Complaint presents a plausible claim for breach of contract. The facts Crown has pled about the circumstances surrounding the formation of the Engineering Contract(s) at issue and corresponding exhibits demonstrate that these contracts were exclusively between "Pneu-Mech 3.0" and Crown. Any misrepresentations "Pneu-Mech 3.0" made to Crown regarding its entity name or its affiliation with Defendants do not, by themselves, make any of these Defendants parties to the contracts in question. Defendants therefore object for these reasons and those recited in their memorandum in support of their Motion to Dismiss.
2. **Negligence.** For the same reason, Defendants respectfully object to Judge Keesler's conclusion that Plaintiff has pled facts sufficient to support a reasonable inference that Defendants can possibly be liable in negligence because of a breach of duty owed

to Plaintiff because of the Engineering Contract(s) at issue. Defendants contend that Plaintiff has still not supplied a factual basis for the existence of a contract to which Defendants are a party, or any other legal basis for a duty to exist. Defendants therefore object for these reasons and those recited in their memorandum in support of their Motion to Dismiss.

3. **Breach of Fiduciary Duty.** Defendants respectfully object to Judge Keesler's conclusion that dismissal of Plaintiff's breach of fiduciary duty claims should be denied at this stage, primarily because Plaintiff's Complaint does not present any basis—contractual or otherwise—that can support a reasonable inference for the existence of the fiduciary duties Defendants allegedly owed to Plaintiff. Defendants therefore object for these reasons and those recited in their memorandum in support of their Motion to Dismiss.

4. **Fraudulent Transfers.** Defendants respectfully object to Judge Keesler's conclusion that Plaintiff's allegations regarding fraudulent transfers are sufficient because, while Plaintiff's Complaint alleges many separate transactions (as all parties have acknowledged), Plaintiffs have yet to identify exactly which transactions Plaintiffs believe to be fraudulent under the North Carolina Fraudulent Transfers Act, and any predicate facts that plausibly suggest that those transactions were anything beyond ordinary business transactions that would otherwise make them fraudulent. Defendants therefore object for these reasons and those recited in their memorandum in support of their Motion to Dismiss.

5. **Veil Piercing.** Defendants respectfully object to Judge Keesler's conclusion that Plaintiff's Complaint regarding veil piercing are sufficient to survive a motion to

dismiss because this claim is based in Plaintiff's breach of contract claim. Defendants agree with Judge Keesler's general view that establishing whether veil-piercing is proper may require discovery, but that is not the issue raised in Defendants' Motion to Dismiss. The Complaint alleges very detailed facts describing that Tucker and Brady sold the assets to a successor entity set up by two parties unnamed in this lawsuit, Trostle and Andrews, so that they could undertake the business. That enterprise issued all invoices and is the only one that received any payment from Plaintiff for the contracts at issue. These facts, along with the others discussed in detail in the Motion to Dismiss, are unsatisfactory to establish any veil-piercing liability to the prior owners, Brady and Tucker, or that separately owned legal entities, which are even further removed from potential ownership that would give rise to such liability. Defendants therefore object for these reasons and those recited in their memorandum in support of their Motion to Dismiss.

For these reasons, Defendants object to each legal conclusion and factual finding presented in support of Judge Keesler's recommendation to deny Defendants' Motion to Dismiss.

Dated: March 5, 2024

Respectfully submitted,
BY COUNSEL

/Andrew P. Connors/
Andrew P. Connors, Esq. (VA Bar No. 80248)
*Admitted Pro Hac Vice*
Darkhorse Law PLLC
119 Tradewynd Drive, Suite B
Lynchburg, Virginia 24502
P: 800-279-4292
F: 540-301-6460
andrew@darkhorse.law

Abbi Harris, Esq. (NC Bar No. 59883)
Naman Howell Smith & Lee PLLC
Phone: 254-755-4112 ext. 4112

Fax: 254-752-6331
aharris@namanhowell.com


John Riordan, Esq. (NC Bar No. 54973)
FIDELITY LAW GROUP
8511 Davis Lake Parkway, Suite C6-138
Charlotte, North Carolina 28269
Phone: 704-285-8111
j.riordan@theflg.com


*Counsel for Defendants Brady,
Tucker, Brawtus Holding, Inc.,
Pneu-Mech Dissolution LLC, and
Brawtus Management LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served the foregoing on the following counsel of record who are CM/ECF participants:

Toby K. Henderson
Joanna W. Gisel
Sebaly Shillito & Dyer
1900 Kettering Tower
40 North Main Street
Dayton, OH 45423-1900
P: 937-222-2500
F: 937-222-6554
thenderson@ssdlaw.com
jgisel@ssdlaw.com

and

Fred M. Wood, Jr.
Nelson Mullins Riley & Scarborough LLP
301 South College Street, Suite 2300
Charlotte, North Carolina 28202
P: 704-417-3059
F: 704-377-4814
fred.wood@nelsonmullins.com

*Counsel for Plaintiff*

/Andrew P. Connors/
Andrew P. Connors, Esq. (VA Bar No. 80248)
*Admitted Pro Hac Vice*
Darkhorse Law PLLC
119 Tradewynd Drive, Suite B
Lynchburg, Virginia 24502
P: 800-279-4292
F: 540-301-6460
andrew@darkhorse.law

*Counsel for Defendants Brady,
Tucker, Brawtus Holding, Inc.,
Pneu-Mech Dissolution LLC, and
Brawtus Management LLC*