IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **CROWN EQUIPMENT CORPORATION**, <br><br> **Plaintiff**, <br><br> v. <br><br> **DAVID BRADY, et al.**, <br><br> **Defendants**. | **Civil Action No. 5:23-cv-00059** |

**PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANTS' OBJECTIONS TO RECOMMENDATIONS REGARDING DISPOSITION OF MOTION TO DISMISS**

**I. INTRODUCTION.**

In his *Memorandum and Recommendation* (Doc. No. 48) ("*M&R*"), Magistrate Judge David C. Keesler found that Plaintiff Crown Equipment Corporation ("Crown") had stated plausible claims for: negligence, breach of contract, breach of fiduciary, violations of the North Carolina Fraudulent Transfer Act ("NCFTA"), and for piercing the corporate veil. (*See generally* Doc. No. 48). That is, Judge Keesler analyzed Crown's *Complaint* (Doc. No. 1) under the *Iqbal/Twombly* standard of Federal Rule of Civil Procedure 12(b)(6) and concluded Crown stated "allegations sufficient to support plausible claims" against Moving Defendants,[1] and thus recommended in the *M&R* the Court deny Moving Defendants' *Motion to Dismiss*[2] in its entirety. Judge Keesler reached the correct conclusion, and this Court should adopt the *M&R* in full.

---

[1] David Brady ("Brady"), William Tucker ("Tucker"), Brawtus Holding Company, Inc. ("Pneu-Mech 1.0"), Brawtus Management Company, LLC ("Brawtus Mgmt."), and Pneu-Mech Dissolution, LLC f/k/a Pneu-Mech Systems Manufacturing, LLC ("Pneu-Mech 2.0").

[2] *Motion to Dismiss for Failure to State a Claim* (Doc. No. 37) and *Memorandum in Support of Defendants' Motion to Dismiss* (Doc. No. 38).

Still, Moving Defendants object to Judge Keesler's recommendations, including "all findings of fact and legal conclusions" in the *M&R*. (*Defendants' Objections to Recommendations Regarding Disposition of Motion to Dismiss*, Doc. No. 49 ["*Objections*"], at p. 1). Rather than "further specifically object[,]" Moving Defendants merely reject Judge Keesler's conclusions and point back to their prior briefing. (*See generally id.*). Falling short of the specificity required under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the *Objections* present no valid objection justifying denying Crown the ability to proceed into discovery for "further development of the record[.]" (*See, e.g.*, *M&R*, p. 20). Taking this, the Court should reject the *Objections* as a whole, adopt the *M&R* in full, and set this matter to proceed on the merits.

## II. LAW & ARGUMENT.

### A. Standard of Review.

The Federal Magistrates Act ("FMA") provides that a district court "shall make a de novo determination of those portions of [a] report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Objections to the magistrate's proposed findings and recommendations must be made 'with ***sufficient specificity*** so as reasonably to alert the district court of the true ground for the objection.'" *N. Carolina Baptist Hosps., Inc. v. Dula*, 476 F. Supp. 3d 279, 283-84 (W.D.N.C. 2020) (Bell, J.) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007), *cert. denied*, 551 U.S. 1157 (2007) (emphasis added)). The purpose behind the specificity requirement is to preserve the effectiveness of magistrate judges as well as judicial resources. *Midgette*, 478 F.3d at 622; *Howard v. Secy. of HHS*, 932 F.2d 505, 509 (6th Cir. 1991).

But "the Court does not perform a de novo review where a party makes only 'general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed

findings and recommendations.'" *Dula*, 476 F. Supp. 3d at 284 (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). In other words, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard*, 932 F.2d at 509. Thus, a party who fails to satisfy the specificity requirements under Rule 72 or the FMA is entitled only to a clear error review. *Elijha v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); Fed. R. Civ. P. 72, Notes of Advisory Committee; *see also Veney v. Astrue*, 539 F. Supp. 2d 841, 845-46 (W.D. Va. 2008) (applying clear error when objecting party merely refiled the same brief with minor changes the magistrate judge had rejected); *Horton v. Bennettsville Police Dep't*, No. 4:18-cv-01401-SAL, 2020 U.S. Dist. LEXIS 78073, *4-5 (D.S.C. May 4, 2020) (applying clear error standard because "merely reiterating the same arguments presented to a magistrate judge does not constitute a specific objection warranting de novo review"); *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("petitioners failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court[.]"); *see also Mario v. P & C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002). When the clear error standard applies, the district court reviews only the face of the record and need not explain adoption of the recommendation. *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005).

Moving Defendants did not meet the specificity requirements in their 3.5-page *Objections*. First carte blanche objecting to all aspects of the *M&R*, Moving Defendants then argue that Crown has not stated the claims at issue and refers the Court to their *Motion to Dismiss* for any details. (*See generally Objections*). This fails to provide the Court with ***specific*** objections to Judge Keesler's conclusions sufficient for this Court to cast aside all Judge Keesler's work and start

fresh. This is exactly what the FMA and Rule 72 are designed to avoid. This Court should employ the clear error standard and find nothing on the face of the record reveals a clear error in the *M&R*.

But still, if the Court views the *Objections* through the de novo review lens, it should conclude that Crown has stated plausible claims for each of its causes of actions against Moving Defendants, just as Judge Keesler found. Because Crown's claims survive under either standard, the Court should adopt the *M&R* in full and deny the *Motion to Dismiss*.

**B. Judge Keesler Correctly Concluded Crown Stated a Breach of Contract Claim.**

In Count Three, Crown alleges breach of contract against Pneu-Mech 2.0[3] for breach of the Engineering Contract (Doc. No. 1, ¶64; Doc. No. 1-8), the Construction Contract (Doc. No. 1, ¶70; Doc. No. 1-14), and the Addendum (Doc. No. 1, ¶77; Doc. No. 1-15). (Doc. No. 1, ¶¶120-124). Judge Keesler concluded that under Rule 12(b)(6) Crown pled facts sufficient to state a plausible claim and recommended "dismissal of the claim for breach of contract be <u>denied</u>[.]" (*M&R*, pp. 6-9 (emphasis in original)). Judge Keesler provided a thorough review of the facts Crown alleged as well as the parties' competing viewpoints, including Crown's position that it need allege only two elements to state a claim: a contract and breach. (*Id.*, p. 8 (internal citations omitted)).

Moving Defendants failed to raise specific objections, and thus the Court need only employ a clear error standard to Judge Keesler's analysis of the contract breach claim. That is, in their *Objections*, Moving Defendants generally "object to [the] conclusion that [Crown's] Complaint presents a plausible claim for breach of contract." (*Objections*, p. 2). Attempting to allege trivial specificity, Moving Defendants merely repeat an argument rejected by Judge Keesler: that Pneu-Mech 3.0 made misrepresentations and Pneu-Mech 2.0 is not a party to the contracts at issue. (*Id.*;

---

[3] This Count is also stated against non-moving defendant Pneu-Mech Manufacturing Systems, Inc., defined as Pneu-Mech 3.0.

4454278.2

*see also* Doc. No. 38, p. 5). But the *Complaint* allegations do not support Moving Defendants' argument. Looking at the face of the record, no clear error justifies departure from Judge Keesler's recommendation to deny dismissal of Count Three of the *Complaint*.

Even if the de novo standard applies, Judge Keesler was correct in recommending the Court reject Moving Defendants' request to dismiss Count Three. To state a breach of contract claim, a plaintiff need only allege facts showing the existence of a contract and breach of that contract, which Crown's *Complaint* does. Crown alleged that each of the contracts at issue were entered into with "Pneu-Mech Systems MFG, LLC," defined as "Pneu-Mech 2.0." (*See generally* Doc. Nos. 1-7, 1-8, 1-13, 1-14, 1-15; Doc. No. 1, ¶¶66-67; *see also id.*, ¶¶20-24, 56-58, 61, 69-71). Crown also explained the contract breaches as well as the resulting damages. (*Id.*, ¶¶75-85, 123-24). In their *Objections*, which are arguments repeated from the *Motion to Dismiss*, Moving Defendants try to recast Crown's allegations arguing the contracts were "exclusively between 'Pneu-Mech 3.0' and Crown." (*Objections*, p. 2; Doc. No. 38, at pp. 6-11). But this position skirts Crown's allegations, the pleading requirements, and Judge Keesler's *M&R*. In all, Judge Keesler properly applied North Carolina law to the *Iqbal/Twombly* standard under Rule 12(b)(6) to find Crown has stated a claim for breach of contract. Under either standard, this Court should adopt the *M&R* and deny the *Motion to Dismiss* as to Crown's claim for breach of contract.

### C. Judge Keesler Correctly Concluded Crown Stated Claims for Negligence.

Judge Keesler concluded Crown alleged facts sufficient under Rule 12(b)(6) to withstand dismissal directed at its first two counts, both sounding in negligence. (*M&R*, pp. 9-10). In finding so, Judge Keesler rejected Moving Defendants' competing arguments that the only relationship Crown had was with non-moving defendant Pneu-Mech 3.0 – an argument repeated from the contract claim – or if Moving Defendant Pneu-Mech 2.0 were bound by the contracts, Crown could

5

not recover in tort. (*Id.*; *see also* Doc. No. 38, p. 17). Judge Keesler correctly concluded that, at minimum, the allegations reveal Pneu-Mech 2.0 had a legal duty which it breached. (*M&R*, p. 10). And the allegations also reveal that even with the contracts, Pneu-Mech 2.0 could still be liable in tort for causing injury to property not subject to the contract. (*Id.*).

Moving Defendants failed to make an appropriate objection to Judge Keesler's conclusions about Crown's negligence claims because their three sentence "objection" lacks the specificity required. (*Objections*, pp. 2-3).[4] Thus, applying the clear error standard, the face of the record reveals Judge Keesler appropriately found Crown stated viable negligence claims.

Still, even under a de novo review, Crown has stated facts sufficient to allege negligence claims under North Carolina law. Negligence requires a claimant to allege facts tending to show four elements: (1) duty, (2) breach, (3) causation, and (4) injury. *A. G. v. City of Statesville*, No. 5:20-CV-00165-KDB-DCK, 2021 U.S. Dist. LEXIS 116779, *8 (W.D.N.C June 23, 2021) (Bell, J.). The *Complaint* does just that. That is, Crown alleges – for both counts of negligence – that Pneu-Mech 2.0 owed Crown a duty to act with reasonable and ordinary care, which it breached, causing Crown damages. (Doc. No. 1, ¶¶ 107-11, 114-18). Moving Defendants' efforts to thwart the well pleaded allegations, which must be taken as true, cannot circumvent what Crown stated in the *Complaint*. Thus, even if the de novo standard applies, Judge Keesler correctly found Crown's stated claims for negligence. This Court should thus adopt the *M&R* and deny the *Motion to Dismiss* Crown's negligence claims. (*See M&R*, pp. 9-10).

---

[4] Indeed, the *Objections* ignore Judge Keesler's conclusion that there was a legal duty owed outside the contracts at issue, which Moving Defendants deny even being bound to.

**D. Judge Keesler Correctly Concluded Crown Stated a Claim for Breach of Fiduciary Duty.**

To state a claim for breach of fiduciary duty under North Carolina law, a plaintiff must plead facts showing the defendant owed the plaintiff a fiduciary duty which was breached, causing injury. *Noble Bottling, LLC v. Sherman*, No. 3:22-CV-00083-KDB-DCK, 2023 U.S. Dist. LEXIS 120835, *16 (W.D.N.C. July 13, 2023) (Bell, J.) (citing *Farndale Co., v. Gibellini*, 176 N.C. App. 60, 628 S.E.2d 15, 20 (N.C. App. 2006)). Judge Keesler correctly concluded Crown alleged facts supporting these claims. (*M&R*, pp. 10-14). He explained that "whether corporate directors owe a fiduciary duty to a corporate creditor presents a 'complex analysis'" into several factors which enforce the need for discovery to allow for "careful consideration of the 'complex analysis' factors" to be later assessed by a jury. (*Id.*, pp. 13-14 (citing *USA Trouser, S.A. de C.V. v. Andrews*, 612 F. App'x 158, 16; *Koch Foods, Inc. v. Pate Dawson Co., No.* 3:16-cv-355-DCB-MTP, 2017 U.S. Dist. LEXIS 176476, *17-18 (S.D. Miss. Oct. 25, 2017)).

Moving Defendants make **no** specific objection to Judge Keesler's finding that discovery is warranted to explore the *USA Trouser* factors. (*Objections*, p. 3). The only "objection" Moving Defendants present is repeating that Crown has not alleged a basis for a fiduciary duty – again, an argument Judge Keesler rejected. (Doc. No. 38, pp. 17-18). In as much as the clear error standard applies to Crown's fiduciary duty claim, there is no clear error so the Court should adopt the *M&R*.

But the result is the same if the de novo standard applies – the Court should adopt Judge Keesler's recommendation against dismissal of Count Four for breach of fiduciary duty against Brady and Tucker. As explained, Crown need only alleges facts supporting the four elements of this cause of action to state a plausible claim. Again, Crown's *Complaint* does just that. The only issue Moving Defendants take is with the first element – whether Brady and Tucker owed a

fiduciary duty to Crown.  (*See Objections*, p. 3; *see also* Doc. No. 38, pp. 17-18).  The *Complaint* satisfies *Iqbal*, *Twombly*, and Rule 12(b)(6) in stating a plausible claim that Brady and Tucker did.

Crown alleges that as directors for Pneu-Mech 3.0 – a Crown debtor – Brady and Tucker declared the note in default, evicted Pneu-Mech 3.0, and caused it to stop operations at a time when they knew Pneu-Mech 3.0 owed Crown and was insolvent.  (Doc. No. 1, ¶¶31, 43-44, 126-31). But what is more, Brady and Tucker transferred assets to themselves for their personal benefit despite knowing of Pneu-Mech 3.0's debt and insolvency.  (*Ibid.*)  Under North Carolina law, Brady and Tucker's fiduciary duty arose to Crown because of these acts.  *See Keener Lumber Co. v. Perry*, 149 N.C. App. 19, 560 S.E.2d 817, 824-825 (N.C. Ct. App. 2002); *General Fid. Ins. Co. v. WFT, Inc.*, 269 N.C. App. 181, 186-87 (N.C. Ct. App. 2020); *Ford Motor Credit Co. v. Minges*, 473 F.2d 918, 920-21 (4th Cir. 1973).  Several North Carolina cases support this position.  *See, e.g.*, *Phillips & Jordan, Inc. v. Bostic*, 2016 NCBC LEXIS 97, at *14-15 (N.C. Sup. Ct. Dec. 9, 2016) (directors breached fiduciary duty to creditors by paying themselves from the debtor's bank account); *Old Battleground Props. v. Cent. Carolina Surgical Eye Assocs., P.A.*, 2015 NCBC 18, at *45 (N.C. Sup. Ct. 2015) (directors breached fiduciary duty to creditors where various entities were winding up, and directors paid affiliated entities and family members); *Fleming v. Horner*, 2022 NCBC 26, at *72-80 (N.C. Sup. Ct. 2022) (director breached fiduciary duty where company was winding up and director used company money to pay himself and affiliated companies).

Taking the above, Judge Keesler correctly concluded the *Complaint* alleges a cause of action for breach of fiduciary duty against Brady and Tucker.  Even more, as explained above and reasoned by the Fourth Circuit, because whether a director owes a creditor a fiduciary duty is a complex analysis warranting discovery, a motion to dismiss is not the proper stage for adjudicating

this claim. *USA Trouser*, 612 F. App'x at 160. Under either standard, the Court should adopt Judge Keesler's recommendation and deny the *Motion to Dismiss*.

### E. Judge Keesler Correctly Concluded Crown Stated NCFTA Claims.

Like the claims above, the *Objections* fail to state the requisite specificity necessary to raise an appropriate objection to Judge Keesler recommending denying dismissal of Crown's NCFTA claims by repeating already rejected arguments and then referring this Court back to its original briefing, thus implicating only a clear error review. (*Objections*, p. 3). But there is no clear error with the *M&R* as to Crown's claims for violating the NCFTA. The face of the record reveals that the *Complaint* states claims under the NCFTA. Thus, the Court should adopt the *M&R*.

If the Court applies a de novo standard, it should reach the same conclusion as Judge Keesler and find Crown alleged facts "sufficient to support plausible claims in Counts Ten and Eleven." (*M&R*, pp. 14-15). A plaintiff need only allege facts showing that "(1) a debtor made a transfer or incurred an obligation and (2) with actual intent to hinder, delay, or defraud a creditor *or* without receiving a reasonably equivalent value in exchange," *or* that the debtor was insolvent. *Westbrook v. Parker*, 581 B.R. 468, 480 (Bankr. E.D.N.C. 2018) (emphasis added). All that is necessary for a plaintiff to claim actual fraudulent transfers compared to constructive fraudulent transfers, is "identification of the parties, dates, and property at issue, details regarding the transfer transaction, and other material facts." *Id.* at 480; *see also Angell v. BER Care, Inc.*, 409 B.R. 737, 756 (Bankr. E.D.N.C. 2009). Constructive fraudulent transfers look at reasonably equivalent value or insolvency, but do not require specificity in identifying the transfers. *Ibid*; N.C. §§ 39.23.4, 39.23.5. Crown alleges facts satisfying these statutory elements.

For example, for both claims, Crown alleged several of the Moving Defendants transferred assets with the intent to defraud Crown and without receiving reasonably equivalent value in

exchange. (Doc. No. 1., ¶¶33-34, 54-55, 203-08213-17). For Count Ten, Crown also alleged the undisclosed transfers were made to Brady and Tucker as insiders and at a time when Pneu-Mech 2.0 and 3.0 were insolvent and left with insufficient assets to operate. (*Id.* at ¶¶45-46, 207, 209). Crown even alleged some transfers occurred in 2018, whiles others occurred in 2022. (*Id.* at ¶¶37, 44). For Count Eleven, the fraudulently transferred assets included cash, equipment, accounts receivables, intellectual property, and customers. (*Id.* at ¶¶44, 217(a)-(k)). These transfers were also undisclosed, and made to insiders when Pneu-Mech 2.0 and 3.0 were insolvent, facing suit, and left without assets to operate. (*Id.* at ¶¶216, 218). Brady and Tucker timed the transfers as part of the assets transferred in 2022. (*Id.* at ¶¶44, 54-55).

Under a de novo review, Judge Keesler correctly found the pleading requirements are still satisfied and the result is the same – Crown stated plausible NCFTA claims against Moving Defendants. This Court should therefore adopt the *M&R* and deny the *Motion to Dismiss*.

### F. Judge Keesler Correctly Concluded Crown Stated Veil Piercing Claims.

The last of the claims Crown asserted seek to pierce the corporate veil. (*Id.*, ¶¶222-39). Judge Keesler concluded Crown had "pled sufficient facts to state a claim and that dismissal would be premature." (*M&R*, pp. 19-20). As part of this reasoning, Judge Keesler relied on Judge Richard L. Voorhees' opinion in *Bear Hollow, LLC v. Mobeck, LLC*, No. 5:05-CV-210-RLV, 2006 WL 1642126 (W.D.N.C. Jun 5, 2006), which explained that "'[s]ince piercing the corporate veil depends upon facts that [p]laintiffs must obtain through discovery, [d]efendants' Motion to Dismiss is premature and is *denied*.'" (*M&R*, p. 18 (quoting *Bear Hollow*, *supra*, at *17)). Indeed, Moving Defendants *agree* with this general view. (*Objections*, p. 4). Yet their *Objections* still fail to provide anything beyond a general objection to the *M&R* on these Counts. (*Id.*, pp. 3-4). There is no clear error to Judge Keesler's conclusion or on the rest of the face of the record. Thus, the

Court should adopt Judge Keesler's recommendation that Crown has stated a plausible claim for piercing the corporate veil as alleged in Counts Twelve and Thirteen.

And Judge Keesler appropriately applied the *Iqbal/Twombly* standard to find Crown stated plausible claims under a de novo review. Moving Defendants argue Crown's claims for piercing the corporate veil fail for the same reasons the breach of contract claim fails. (*Id.*) This argument, which Moving Defendants made in their reply memo, is not a specific objection to the *M&R*. (Doc. No. 45, p. 19). That said, as explained, Crown stated a plausible breach of contract claim so under Moving Defendants view, Crown has stated plausible claims to pierce the corporate veil.

Finally, Moving Defendants challenge Judge Keesler's conclusion that discovery on the veil piercing claims is justified as explained in *Bear Hollow*, claiming "that is not the issue raised in [their] Motion to Dismiss." (*Objections*, p. 4). This is, again, not a proper objection. But even applying a de novo review, *Bear Hollow* holds a claim of veil piercing merits discovery especially when, as here, Crown states plausible claims. At the end, to pierce the corporate veil, a claimant must allege control used to commit a wrong that caused injury. (*See M&R*, p. 16 (quoting *Bear Hollow*, *supra*, at \*17)). Moving Defendants do not object that this is the proper application of the law. (*See generally Objections*). Crown has alleged these facts in that Brady and Tucker were the de facto owners of the various Pneu-Mech banded entities which they used to fraudulently transfer assets to the detriment of their creditor, Crown. (*See, e.g.*, Doc. No. 1, ¶¶38, 41, 86-105, 187, 197, 233, 237). Applying either standard, Judge Keesler fittingly concluded Crown set forth plausible claims in its *Complaint* for piercing the corporate veil. The Court should adopt the *M&R* and deny the *Motion to Dismiss*.

## III.     CONCLUSION.

Considering the above, Crown asks this Court to overrule Moving Defendants' *Objections*. Thus, Crown also asks this Court to adopt the Magistrate's *M&R* in full and deny Moving Defendants' *Motion to Dismiss*.

Respectfully submitted, this 19th day of March 2024.

>*/s/ Cory B. Patterson*
>Cory B. Patterson N.C. Bar No. 39973
>Nelson Mullins Riley & Scarborough, LLP
>301 South College St., 23rd Floor
>Charlotte, North Carolina 28202
>T: (704) 417-3000
>F: (704) 377-4814
>Email: Cory.Patterson@nelsonmullins.com
>
>and
>
>Toby K. Henderson (0071378)
>(*pro hac vice*)
>Joanna W. Gisel (0100701)
>(*pro hac vice*)
>SEBALY SHILLITO + DYER
>A Legal Professional Association
>40 North Main Street
>1900 Stratacache Tower
>Dayton, Ohio 45423
>937-222-2500 Telephone
>937-222-6554 Facsimile
>thenderson@ssdlaw.com
>jgisel@ssdlaw.com
>*Attorneys for Plaintiff*
>*Crown Equipment Corporation*

# **CERTIFICATE OF SERVICE**

I certify that on March 19, 2024 a copy of the foregoing was filed electronically through the Court's ECF system and served on all counsel of record.

*/s/ Cory B. Patterson*
Cory B. Patterson N.C. Bar No. 39973
Nelson Mullins Riley & Scarborough, LLP
301 South College St., 23rd Floor
Charlotte, North Carolina 28202
T: (704) 417-3000
F: (704) 377-4814
Email: Cory.Patterson@nelsonmullins.com

4454278.2