## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CROWN EQUIPMENT CORPORATION,   )
)
      PLAINTIFF,   )
)      **Civil Action No. 5:23-cv-00059**
)
v.   )
)
DAVID BRADY, WILLIAM TUCKER,   )
JOSEPH BOGGS, BRAWTUS HOLDING   )
COMPANY, INC. (f/k/a Pneu-Mech Systems   )
Manufacturing, Inc.), BRAWTUS,   )
MANAGEMENT COMPANY, LLC,   )
PNEUMECH SYSTEMS   )
MANUFACTURING,   )
LLC (K.N.A. Pneu-Mech Dissolution, LLC),   )
PNEU-MECH SYSTEMS   )
MANUFACTURING, INC., UNITED   )
FINISHING SYSTEMS LLC   )

      DEFENDANTS.

_____

### ANSWER AND DEFENSES

Defendants, David Brady, William Tucker, Brawtus Holding Company, Inc., Brawtus Management Company, LLC, on behalf of themselves and, to the extent these persons are allegedly subject to liability through the dissolved entity Pneu-Mech Systems Manufacturing, LLC (now known as Pneu-Mech Dissolution, LLC), these Defendants hereby respond to the Complaint with their Answer and Affirmative and Other Defenses.

### ANSWER

COMES NOW Defendants Brady, Tucker, Brawtus Holding Company, Inc., and Brawtus Management Company, LLC, by undersigned counsel, and submits this Answer to the Complaint.

### INTRODUCTION

1. **DENY**.

2. **DENY**.

3. **DENY**.

4. **DENY**.

5. **DENY**.

**PARTIES**

6. **ADMIT**.

7. **ADMIT**.

8. **ADMIT**.

9. **ADMIT**.

10. **ADMIT**.

11. **ADMIT IN PART**. Plaintiff correctly identifies Pneu-Mech Systems Manufacturing, LLC, and its registered agent and member, but refers to it as "organized *and existing*," despite this Company having been administratively dissolved by the North Carolina Secretary of State on June 15, 2021. To such extent the Plaintiff seeks to refer to the Company as presently existing, such is DENIED.

12. **ADMIT**.

13. **ADMIT IN PART**. It should be noted that Pneu-Mech Systems Manufacturing, Inc. was created on December 8, 2017, and was f/k/a Pneu-Mech Holdings, Inc. It should also be noted that this entity was administratively dissolved in May 15, 2023. To the extent that Plaintiff has identified this entity as *presently existing*, such is DENIED.

14. **ADMIT**.

**JURISDICTION AND VENUE**

15. **ADMIT**.

16. **ADMIT IN PART**. To the extent that this Paragraph seeks to establish the residence and citizens of the Defendants, such is ADMITTED. To all other extents, including allegations regarding actions taken by any Defendant, such is DENIED.

17. **ADMIT**.

FACTUAL BACKGROUND

18. **ADMIT IN PART**. Defendants are without knowledge as to whether Brady and Tucker were the only directors and must DENY this assertion for lack of information.

19. **ADMIT**.

20. **ADMIT**.

21. **DENY**.

22. **ADMIT**.

23. **ADMIT IN PART**. Defendants DENY the assertion regarding the transfer of the business operations between Companies, but ADMIT that Brawtus Management Company, LLC's headquarters is at 201 Pneu-Mech Drive and that Brady, and the entity known now as Brawtus Holding, Inc., were its members.

24. **ADMIT IN PART**. To the extent that this Paragraph seeks to establish Brawtus Management as the owner-company of the real estate at 201 Pneu-Mech Drive, such is ADMITTED. To all other extents, the allegations in this Paragraph are DENIED.

25. **ADMIT**.

26. **ADMIT**.

27. **ADMIT**.

28. **ADMIT IN PART**. Defendants ADMIT that, upon information and belief, Andrews incorporated Pneu-Mech Holdings, Inc., and later changed its name to Pneu-Mech Systems

Manufacturing, Inc. However, Defendants DENY that Andrews' creation of the Corporation was solely for the purchase of facilitation of the sale.

29. **DENY**.

30. **ADMIT**.

31. **DENY IN PART**. The Defendants ADMIT that Andrews and Trostle were the President and Vice President of Pneu-Mech 3.0. The Defendants DENY that they were participants on an active Board of Directors of Pneu-Mech 3.0. Defendants further DENY that Boggs serves as the accountant for each of their other companies. Finally, the Defendants DENY that they control Boggs' actions to any degree, whether as an employee for any of their companies, for Pneu-Mech 3.0, or otherwise.

32. **ADMIT IN PART**. Defendants ADMIT that Pneu-Mech 3.0 engages in some of the same general genres of business as Pneu-Mech 2.0 and 1.0. However, they DENY that it was the same business.

33. **DENY**. Defendants do not own, control, or manage Pneu-Mech 3.0 and do not have information regarding the "ordinary business obligations" of such entity. Neither does any Defendant have access to the "records or documents" of Pneu-Mech 3.0, other than Andrews and Trostle, as the Plaintiff has already previously identified.

34. **DENY**. This allegation contains no factual statement and is a conclusion of law and requires no response. To the extent that a response is required, such is DENIED.

35. **ADMIT IN PART**. Defendants ADMIT that they received some payments of less than the whole amount of the Note, between the years of 2018 and 2022. However, they DENY that the payments under the Note exceeded $3 million.

36. **DENY**.

37. **DENY**.

38. **DENY**.

39. **DENY**.

40. **DENY**. The Defendants are without information or belief regarding the daily dealings of Trostle and Andrews and are unable to verify any of the allegations contained herein, and as such must DENY them.

41. **DENY**.

42. **DENY**.

43. **DENY IN PART**. While it is ADMITTED that the Note was declared to be in default, as payments were extremely behind by this point, and while it is also ADMITTED that, as Landlords, they did demand the tenants to move out and turn in their keys, the allegations made within this paragraph, unless expressly admitted, are otherwise DENIED.

44. **ADMIT IN PART.** Admitted that Brady and Tucker, as secured creditors, or acting on the behalf on an entity that was a secured creditor, perfected its lien against the described assets, but would disagree with the characterization that it "took control over all Pneu-Mech 3.0 assets," and therefore otherwise denies paragraph 44.

45. **DENY**.

46. **DENY**.

47. **DENY IN PART**. It is DENIED that Brady and Tucker rejected the sale of Pneu-Mech 3.0 to Wenker. However, it is ADMITTED that UFS was registered as an NC LLC on August 1, 2022, with the referenced parties as President and Vice-President.

48. **DENY**. The Defendants have no information or belief as to the management, ownership, marketing, or structure of UFS and cannot answer the allegations in this paragraph for lack of information, and as such DENY.

49. **DENY**. The Defendants have no information or belief as to the management, ownership, marketing, or structure of UFS and cannot answer the allegations in this paragraph for lack of information, and as such DENY. In addition, as to every sub-part, specifically DENIED.

50. **DENY**. The Defendants have no information or belief as to the management, ownership, marketing, or structure of UFS and cannot answer the allegations in this paragraph for lack of information, and as such DENY.

51. **DENY**. Neither Brady nor Tucker has ever been on the Board of Directors of UFS.

52. **DENY**. While the name of United Drive was changed from Pneu-Mech to United, it is DENIED that Brady and Tucker orchestrated this change.

53. **DENY**.

54. **DENY**.

55. **DENY**.

56. **DENY**. The Defendants have no information or belief as to the allegations in this paragraph, and for such lack of information must DENY.

57. **NO ANSWER REQUIRED**. The language of the "Crown's Terms and Conditions" speak for themselves and require no answer. To the extent that any answer is required, such is DENIAL.

58. **DENY IN PART**. Defendants have no information or belief as to of the timing of the allegation presented in this paragraph, though the W-9 attached as exhibit speaks for itself. To such extent that an answer is therefore required, such is DENIED.

59. **DENY**. The Defendants have no information or belief as to the allegations in this paragraph, and for such lack of information must DENY.

60. **ADMIT**.

61. **DENY**. Pneu-Mech 2.0 was no longer operating in 2018, as Plaintiff has previously identified. Pneu-Mech 3.0 began its existence in December of 2017, and would have been the contracting party by 2018, when this allegation is stated to have occurred.

62. **DENY**. The Defendants have no information or belief as to the allegations in this paragraph, and for such lack of information must DENY. In addition, as to every sub-part, specifically DENIED.

63. **DENY**.

64. **DENY**. Pneu-Mech 2.0 was no longer operating in 2018, as Plaintiff has previously identified. Pneu-Mech 3.0 began its existence in December of 2017, and would have been the contracting party by January 2018, when this allegation is stated to have occurred. Regarding Crown's mindset in including Pneu-Mech 2.0 in potential request for bids, Defendants cannot speculate or testify, and must DENY.

65. **DENY IN PART**. The proposal speaks for itself and requires no Answer as to the statements included therein. However, to the extent that the allegation seeks to establish the bid as being submitted by Pneu-Mech 2.0, such is DENIED.

66. **DENY IN PART**. The Engineering Proposal speaks for itself as to the terms contained therein and requires no Answer. However, as to the allegation that Crown was dealing with Pneu-Mech 2.0, such is DENIED. Further, Defendants are unaware of which parties Crown dealt with at Pneu-Mech 3.0, and cannot testify to the truthfulness of such statements, and must DENY.

67. **ADMIT IN PART**. The Engineering Contract speaks for itself as to the terms contained therein and requires no Answer. However, it is DENIED that Crown was not aware of the sale of the business to Andrews and Trostle in 2017. It should also be noted that Plaintiff alleges that "Brady and *Trostle* orchestrated the transfer of Pneu-Mech 2.0 assets," despite Plaintiff having routinely accused Tucker of engaging in this activity previously. In either case, such allegation is DENIED.

68. **ADMIT IN PART**. It is ADMITTED that Crown was issued invoices from Pneu-Mech 3.0 and payments on those invoices, being attached as exhibits, speak for themselves as to the contents therein. It is DENIED, however, that Crown awarded the contract to Pneu-Mech 2.0, as 2.0 was no longer doing business at the time the contract was awarded.

69. **DENY IN PART**. The exhibits speak for themselves as to the statements contained therein. However, to the extent that such allegation seeks to establish that Pneu-Mech 2.0 was the contracting party to the Construction Proposal and Construction Contract, such is DENIED.

70. **DENY IN PART**. The exhibits speak for themselves as to the statements contained therein. However, to the extent that such allegation seeks to establish that Pneu-Mech 2.0 was the contracting party to the Construction Proposal and Construction Contract, such is DENIED.

71. **DENY IN PART**. The exhibits speak for themselves as to the statements contained therein. However, to the extent that such allegation seeks to establish that Pneu-Mech 2.0 was the contracting party to the Construction Proposal and Construction Contract, such is DENIED.

72. **DENY**.

73. **DENIED WITH OBJECTION**. Defendants DENY the allegations contained within this Paragraph. Defendants further object to Plaintiff's use of "Pneu-Mech" to define Pneu-Mech 2.0 and Pneu-Mech 3.0 as the same entity throughout the rest of the Complaint.

74. **DENY**. Defendants are neither members of nor involved with Pneu-Mech 3.0 and are not privy to information regarding work undertaken, undergone, contemplated, or completed by that entity, and must DENY for lack of information.

75. **DENY**. In addition, as to every sub-part, specifically DENIED.

76. **DENY**. Defendants are neither members of nor involved with Pneu-Mech 3.0 and are not privy to information regarding work undertaken, undergone, contemplated, or completed by that entity, and must DENY for lack of information.

77. **DENY IN PART**. The exhibits speak for themselves as to the statements contained therein. Defendants are neither members of nor involved with Pneu-Mech 3.0 and are not privy to information regarding work undertaken, undergone, contemplated, or completed by that entity, and must DENY for lack of information.

78. **DENY**. Defendants are neither members of nor involved with Pneu-Mech 3.0 and are not privy to information regarding work undertaken, undergone, contemplated, or completed by that entity, and must DENY for lack of information.

79. **DENY**. Defendants are neither members of nor involved with Pneu-Mech 3.0 and are not privy to information regarding work undertaken, undergone, contemplated, or completed by that entity, and must DENY for lack of information.

80. **DENY**. Defendants are neither members of nor involved with Pneu-Mech 3.0 and are not privy to information regarding work undertaken, undergone, contemplated, or completed by that entity, and must DENY for lack of information.

81. **DENY**. Defendants are neither members of nor involved with Pneu-Mech 3.0 and are not privy to information regarding work undertaken, undergone, contemplated, or completed by that entity, and must DENY for lack of information.

82. **DENY**. Defendants are neither members of nor involved with Pneu-Mech 3.0 and are not privy to information regarding work undertaken, undergone, contemplated, or completed by that entity, and must DENY for lack of information.

83. **DENY**. Defendants are neither members of nor involved with Pneu-Mech 3.0 and are not privy to information regarding work undertaken, undergone, contemplated, or completed by that entity, and must DENY for lack of information.

84. **DENY**. Defendants are neither members of nor involved with Pneu-Mech 3.0 and are not privy to information regarding work undertaken, undergone, contemplated, or completed by that entity, and must DENY for lack of information.

85. **DENY**. Defendants are neither members of nor involved with Pneu-Mech 3.0 and are not privy to information regarding work undertaken, undergone, contemplated, or completed by that entity, and must DENY for lack of information.

86. **DENY**. Further, Defendants object to Plaintiff's use of "Brady-Tucker Entities" to define Brawtus Management Company, Pneu-Mech 1.0, 2.0, 3.0, and UFS as the same entity or entities throughout the rest of the Complaint.

87. **DENY**.

88. **DENY**.

89. **DENY**.

90. **DENY**.

91. **DENY**.

92. **DENY**.

93. **DENY**.

94. **DENY**.

95. **DENY**.

96. **DENY**.

97. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

98. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

99. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

100. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

101. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

102. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

103. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

104. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

105. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

106. **NO ANSWER REQUIRED**.

107. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

108. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

109. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

110. **DENY**.

111. **DENY**. Defendants are without knowledge or information as to the extent of Crown's alleged damages, due to being uninvolved in the contracting, construction, repair, remediation, or maintenance of the project, as given such lack of information, must DENY. In addition, as to every sub-part, specifically DENIED.

112.    **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

113.    **NO ANSWER REQUIRED**.

114.    **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

115.    **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

116.    **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

117.    **DENY**.

118.    **DENY**. In addition, as to every sub-part, specifically DENIED.

119.    **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

120.    **NO ANSWER REQUIRED**.

121.    **ADMIT IN PART**. It is ADMITTED that Crown and *Pneu-Mech 3.0* entered the Engineering Contract, Construction Contract, and Addendum. It is, however, DENIED that any Defendant coming now, and Answering this Complaint was a contracting Party with

Crown. It is further DENIED that any Defendant is involved in any degree with the daily operations of Pneu-Mech 3.0.

122. **DENY**.

123. **DENY**. In addition, as to every sub-part, specifically DENIED.

124. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

125. **NO ANSWER REQUIRED**.

126. **DENY**.

127. **DENY**.

128. **DENY**.

129. **DENY**.

130. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

131. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

132. **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

133. **DENY**.

134.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

135.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

136.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

137.     **NO ANSWER REQUIRED**.

138.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

139.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

140.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

141.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

142.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

143.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

144.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

145.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

146.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any

assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

147.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

148.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

149.     **NO ANSWER REQUIRED**.

150.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

151.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

152.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

153.	**NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

154.	**NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

155.	**NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

156.	**DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

157.	**NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

158.	**NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

159.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

160.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

161.     **NO ANSWER REQUIRED**.

162.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

163.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

164.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

165.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any

assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

166.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

167.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

168.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

169.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

170.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

171.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

172.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

173.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

174.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

175.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

176.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any

assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

177.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

178.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

179.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

180.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

181.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

182.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

183.     **NO ANSWER REQUIRED**.

184.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

185.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

186.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

187.     **DENY**.

188.     **DENY**.

189.     **DENY**.

190.     **DENY**.

191.     **DENY**.

192.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

193.     **NO ANSWER REQUIRED**.

194.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

195.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

196.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

197.     **DENY**.

198.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

199.     **DENY**.

200.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

201.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

202.     **NO ANSWER REQUIRED**. These allegations and conclusions of law are being asserted against a Party not represented by the undersigned counsel. To the degree that any assertions are made against any of the captioned Answering Parties in this filing, such is DENIED.

203.     **NO ANSWER REQUIRED**.

204.     **DENY**. This paragraph asserts a conclusion of law, and therefore no response is required, but to the extent any is required, it is denied.

205.     **DENY**.

206.     **DENY**. This paragraph asserts a conclusion of law, and therefore no response is required, but to the extent any is required, it is denied.

207.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

208.     **DENY**.

209.		**DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

210.		**DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

211.		**DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

212.		**NO ANSWER REQUIRED**.

213.		**DENY**.

214.		**DENY**.

215.		**DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

216.		**DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

217.		**DENY**. In addition, as to every sub-part, specifically DENIED.

218.		**DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

219.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

220.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

221.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

222.     **NO ANSWER REQUIRED**.

223.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

224.     **DENY**.

225.     **DENY**.

226.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

227.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

228.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

229.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

230.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

231.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

232.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

233.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

234.     **NO ANSWER REQUIRED**.

235.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

236.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

237.     **DENY**.

238.     **DENY**.

239.     **DENY**. The allegations contained within this paragraph are conclusions of law and not statements of fact and do not require a response. To the extent any response is required, such is DENIED.

WHEREFORE, Defendants Brady, Tucker, Brawtus Management Company, LLC, and Brawtus Holding Company, Inc., having fully answered Plaintiff's Complaint, prays the Court as follows:

1.   That the Plaintiff have and take no recovery from the Defendants as sought in the Complaint.

2.   That this Court enter an Order dismissing Plaintiff's claims with prejudice.

3.   The costs of this action, including reasonable attorney's fees, be taxed against the Plaintiff, or in the alternative, James Andrews and Jerry Trostle, the shareholders of Pneu-Mech 3.0.

4.   FOR A TRIAL BY JURY; and

5.   For such other further relief as the Court may deem just and proper.

<u>AFFIRMATIVE AND OTHER DEFENSES</u>

Without assuming any burden of proof that it would not otherwise bear, Defendants reassert, without limitation, all defenses raised in their other filings, whether separately re-pleaded herein or otherwise. Defendants also assert the following affirmative and other defenses. In listing the defenses below, Defendants do not knowingly or intentionally waive any defenses, including arguments about which issues fall within the Plaintiff's burden of proof. Defendants also reserve the right to rely on

any affirmative or other defense or claim that may subsequently come to light, and expressly reserves the right to amend its Answer to assert such additional defenses or claims.

## FIRST DEFENSE
(General Denial)

Defendants deny all allegations not expressly admitted above, including those contained in Plaintiff's general allegations and prayer for relief. Defendants expressly deny that any Party to this action is entitled to any relief of any kind from Defendants.

## SECOND DEFENSE
(Contractual Terms)

Defendants affirmatively plead the terms, provisions, and conditions of any and all contracts entered into between Defendants and any other party as a complete bar to the claims of the Plaintiff.

## THIRD DEFENSE
(Statute of Limitations)

Defendants affirmatively plead all applicable statutes of limitations and further states that such statutes of limitations are pled as a complete bar to Plaintiff's claims.

## FOURTH DEFENSE
(Estoppel)

Defendants affirmatively plead that certain of the Plaintiff's claims are barred by the doctrine of estoppel.

## FIFTH DEFENSE
(Release)

Defendants affirmatively plead that the Plaintiff has previously released the claims that it now asserts in this Complaint and should be precluded from subsequently asserting these claims against these Defendants.

## SIXTH DEFENSE
(Waiver)

Defendants affirmatively plead that certain of the Plaintiff's claims, including those claims brought in tort, are precluded by the application of the doctrine of waiver.

## SEVENTH DEFENSE
(Laches)

Defendants affirmatively plead that the Plaintiff has been negligent in pursuing its claims against the appropriate parties, and thereafter failed to include the parties they identified in their Complaint as wrongdoers, as Defendants. As equity aids the vigilant, and not the negligent, Defendants plead this maxim as a complete bar to Plaintiff's recovery.

## EIGHTH DEFENSE
(Unclean Hands)

Defendants affirmatively plead that the Plaintiff did not engage in sufficient due diligence regarding their contracting parties when undertaking a significant bidding process and therefore have unclean hands with regard to the Contracts (as defined by Plaintiff), and should therefore be precluded from recovery from these Defendants.

## NINTH DEFENSE
(No Indemnification)

Plaintiff is not entitled to recovery from any of these responding Defendants, as none of them are in contractual privity with the Plaintiff regarding the Contracts, and the Plaintiff is not entitled to indemnity from them, pursuant to any existing contractual authority.

## TENTH DEFENSE
(Indemnity)

Defendants affirmatively plead that an unnamed party in the Plaintiff's Complaint, but later named in these Defendant's impleader and crossclaim are necessary indemnitors of the Defendants,

and are responsible for making the Plaintiff whole, in the event that the Plaintiff is determined to have suffered damages at all.

## ELEVENTH DEFENSE
### (Causation)

Defendants' conduct was neither the cause in fact, nor the proximate or legal cause of the alleged damages and injuries complaint of by Plaintiff, and Defendants plead lack of causation to bar Plaintiff's claims for relief against these Defendants.

## TWELFTH DEFENSE
### (Failure to Mitigate)

Plaintiff has failed to mitigate damages by undertaking proper preventative or curative measures with respect to any damages allegedly suffered by Plaintiff. Plaintiff is barred from recovery from these Defendants any damages which could have reasonably been mitigated and the same is pled in bar of Plaintiff's claims against these Defendants.

## THIRTEENTH DEFENSE
### (Statutes of Repose)

Defendants affirmatively plead all applicable statutes of repose and further state that such statutes of repose are pled as a complete bar to Plaintiff's claims.

## FOURTEENTH DEFENSE
### (Economic Loss Rule)

Defendants plead, as a complete bar to any of the Plaintiff's non-contractual theories of recovery, that the economic loss rule would wholly bar such of Plaintiff's claims.

## FIFTEENTH DEFENSE
### (Contributory Negligence)

If it is found that any of these Defendants were negligent in any respect whatsoever, which these Defendants DENY, then and in that sole event, other persons and entities other than these Defendants were careless and negligent and such carelessness and negligence contributed to the

damages that Plaintiff may have sustained and was at least one of the proximate causes thereof, and such contributory negligent of other persons or entities is pled in bar of any recovery by Plaintiff against these Defendants.

## SIXTEENTH DEFENSE
(Intervening Negligence)

Defendants allege and show that if these Defendants were negligent, which is DENIED, the injuries and damages allegedly suffered by Plaintiff, were due to, caused by, and were the direct and proximate result of the intervening and superseding negligence, carelessness, willfulness, and wantonness of others so as to preclude recovery from these Defendants.

## SEVENTEENTH DEFENSE
(Negligent Acts of Others)

Defendants allege and show that any damages that were incurred by the Plaintiff were due to, caused by, and were a direct and proximate result of the sole negligence or negligent acts and omissions of others over whom Defendants had no control whatsoever, so as to wholly preclude the Plaintiff's recovery from these Defendants.

## EIGHTEENTH DEFENSE
(Limitation on Damages)

Plaintiff has waived its right to consequential, punitive, exemplary, or treble damages.

## NINETEENTH DEFENSE
(Lack of Privity)

There is no contract between the Plaintiff and any of the Defendants raising this defense. The Plaintiff is barred from recovery in contract due to this lack of privity.

## TWENTIETH DEFENSE
### (Unjust Enrichment)

Plaintiff has already been made whole by other Parties, both within and without this lawsuit, and to grant the Plaintiff the recovery it is seeking would unjustly enrich them beyond the degree of any alleged damages.

## TWENTY-FIRST DEFENSE
### (Attorney's Fees Not Recoverable)

The Plaintiff is not entitled the recovery of its attorney's fees against these Defendants, having cited no statutory authority or contractual privity with these Defendants to justify such a remedy.

## TWENTY-SECOND DEFENSE
### (Incorporation of Other Defenses)

Defendants adopt and incorporate herein by reference any other defense favorable to these Defendants, whether asserted in any other pleading, or by any other Party to this action.

## TWENTY-THIRD DEFENSE
### (Additional Defenses)

Defendants reserve the right to assert additional affirmative defenses as may be revealed or available during the course of discovery in the litigation of this action.

Dated: April 18, 2024              BY COUNSEL

> /Andrew P. Connors/
> Andrew P. Connors, Esq. (Va. Bar. No. 80248)
> (Admitted *Pro Hac Vice*)
> DARKHORSE LAW PLLC
> 8963 Northpoint Executive Park Dr., Suite 260
> Huntersville, North Carolina 28078
> Phone: 540-553-8149 ext. 2
> Fax: 540-301-6460
> andrew@darkhorse.law

John Riordan (NC. Bar No. 54973)
FIDELITY LAW GROUP
8511 Davis Lake Pkwy, C6-138,
Charlotte, NC, 28269
Phone: 704-285-8111
j.riordan@theflg.com

Abbi White Harris, Esq. (NC Bar No. 59883)
Naman, Howell, Smith, and Lee
400 Austin Ave., Suite 800
Waco, TX 76701
Phone: 254-755-4112
Fax: 254-754-6331

*Counsel for Defendants David Brady, William Tucker, Brawtus Holding Co., Inc., Brawtus Management Co., LLC, and Pneu-Mech Dissolution LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served all counsel of record via CM/ECF.


/Andrew P. Connors/
Andrew P. Connors, Esq. (Va. Bar. No. 80248)
DARKHORSE LAW PLLC
Phone: 540-553-8149 ext. 701
Fax: 540-301-6460
andrew@darkhorse.law

*Counsel for Defendants Brady,*
*Tucker, Brawtus Holding, Inc.,*
*Brawtus Management LLC, and Pneu-*
*Mech Dissolution LLC*