IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

**CROWN EQUIPMENT CORPORATION**,

   **Plaintiff**,

v.

**DAVID BRADY, et al.**,

   **Defendants**.

**Civil Action No. 5:23-cv-00059**
**Judge Kenneth Bell**

## CERTIFICATION AND REPORT OF F.R.C.P. 26(F) CONFERENCE AND DISCOVERY PLAN

1.  **Certification of Conference.** Pursuant to Fed. R. Civ. P. 26(f), counsel for the parties in the above-captioned case conferred as to the topics below on April 4, 2024 by Microsoft Teams.

2.  **Pleadings and Parties.**

   a. The Parties' deadline to amend pleadings is **October 31, 2024.**

   b. The Parties' deadline to join other parties is **June 3, 2024.**

3.  **Pre-Discovery Disclosures.** The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by **May 8, 2024**.

4.  **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

   a. The parties anticipate that confidential information and documents will be requested and produced during the litigation of this matter, which will necessitate the proposed entry of a protective order. The parties will work together in good faith to agree upon a mutually acceptable consent protective order a draft of which will be filed with the Court on or before **May 17, 2024**.

1

b.  The parties agree that relevant discovery may exist in electronically stored formats and further agree that they will use their best efforts to preserve electronic data and information consistent with the party's records management systems, routine computer operation, and ordinary business practices. Should discovery of electronically stored information ("ESI") be requested by any party, all parties shall meet and confer to decide on the appropriate ESI protocol which will include but is not limited to the identification of the personal and electronic custodians of relevant information and data, search terms, electronic formats in which the data will be produced, and protocols for privilege checking and a privilege log.

c.  All fact discovery shall be commenced in time to be completed by **December 31, 2024**.

d.  Discovery may commence upon the Court's issuance of the Scheduling Order and Case Management Plan. Pursuant to Fed. R. Civ. P. 26(b)(1), discovery will be needed on any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

e.  Discovery Limits:

   i.  Maximum of **25** written interrogatories, including subparts, by any party to any other party.

   ii. Maximum of **25** requests for admission (excluding requests to admit the genuineness of a document) by any party to any other party.

   iii. Maximum of **30** requests for production of documents to any other party.

   iv. Excluding any named party, including a duly identified corporate representative under Federal Rule of Civil Procedure 30(b)(6), and expert witnesses, each party may depose **8** fact witnesses.

   v.  As discovery unfolds and should the need to exceed any of these Discovery Limits arise, the parties agree to work in good faith amongst themselves to resolve any requests for additional discovery.

f.  Reports from retained experts under Rule 26(a)(2) will be due:

   i.  From the party with the burden of proof, by **February 14, 2025**.

   ii. Rebuttal reports, by **March 18, 2025**.

iii. Supplementations under Rule 26(e) will be due no later than **April 9, 2025**.

iv. All expert discovery to be completed by **May 14, 2025**.

g. Other Items:

i. The parties **do not** request a conference with the Court before entry of the scheduling order.

ii. All potentially dispositive motions shall be filed by **June 1, 2025**.

iii. Settlement may be enhanced by a mediated settlement conference. The parties agree that said conference would be most useful if conducted on or before **thirty (30) days after the completion of discovery**.

iv. Final lists of exhibits under Rule 26(a)(3) shall be exchanged **thirty (30) days** before trial.

v. If the case is ultimately tried, trial is expected to take approximately **seven (7) to ten (10) business days**.

vi. The parties have discussed the issue of consent to the jurisdiction of a U.S. Magistrate Judge. The parties **do not** consent to the same.

Trial terms – August 2025

5. **Other Matters Which May Require the Court's Attention**:

None at this time.

Dated this 19th day of April, 2024

Respectfully submitted,

 /s/ Toby K. Henderson
Toby K. Henderson (0071378)
(*pro hac vice*)
SEBALY SHILLITO + DYER
A Legal Professional Association
40 North Main Street
1900 Stratacache Tower
Dayton, Ohio 45423
937-222-2500 Telephone
937-222-6554 Facsimile
thenderson@ssdlaw.com

and

Cory B. Patterson  N.C. Bar No. 39973
NELSON MULLINS RILEY & SCARBOROUGH, LLP
301 South College St., 23rd Floor
Charlotte, North Carolina 28202
T: (704) 417-3000
F: (704) 377-4814
Email: Cory.Patterson@nelsonmullins.com

*Attorneys for Plaintiff*
*Crown Equipment Corporation*

/s/ John B. Riordan by /s/ Corey B. Patterson
*Per 04/11/24 email approval*
Andrew Connors   N.C. Bar No. 59883
DARKHORSE LAW PLLC
119 Tradewynd Drive, Suite B
Lynchburg, Virginia  24502
T: (800) 729-4292
F: (540) 301-6460
Email: andrew@darkhorselaw.com

and

Abbi Harris              N.C. Bar No. 59883
NAMAN HOWELL SMITH & LEE PLLC
400 Austin Avenue, Suite 800
Waco, Texas 76701
T:  (254) 755-4100
F:  (254) 72-6331
aharris@namanhowell.com

and

John Riordon   N.C. Bar No. 54973
FIDELITY LAW GROUP
8511 Davis Lake Parkway, Suite C6-138
Charlotte, North Carolina 28269
T:  (704) 285-8111
j.riordon@theflg.com
*Attorneys for Defendants*
*Brady Tucker, Brawtus Holding, Inc.*
*Pneu-Mech Dissolution, LLC and*
*Brawtus Management, LLC*

/s/ Gerald A. Stein by /s/ Cory B. Patterson
*Per 04/19/24 telephone approval*
Gerald A. Stein  N.C. Bar No. 36408
Jarrod B. Summey N.C. Bar No. 49548
HEDRICK GARDNER KINCHELOE &
GAROFALO LLP
4201 Congress Street, Suite 300
Charlotte, North Carolina
T: (704) 319-5464
Email: astein@hedrickgardner.com
   jsummey@hedrickgardner.com
*Attorneys for Defendant*
*Pneu-Mech Systems Manufacturing*

/s/ C. Andrew Dandison by /s/ Cory B. Patterson
*Per 04/11/24 email approval*
Ryan L. Bostic  N.C. Bar No. 44982
C. Andrew Dandison N.C. Bar No. 52095
Kayla McDaniel  N.C. Bar No. 57995
CRANFILL SUMNER LLP
5535 Currituck Drive, Suite 210
Wilmington, NC  28403
T: (910) 777-6068
F:  (910) 777-6146
Email: rbostic@cshlaw.com
   adandison@cshlaw.com
   kmcdaniel@cshlaw.com
*Attorneys for Defendant*
*Joseph Boggs*

/s/ Bo Caudill by /s/ Cory B. Patterson
*Per 04/15/24 email approval*
Bo Caudill N.C. Bar No. 45104
VILLMER CAUDILL, PLLC
P.O. Box 18186
Charlotte, North Carolina 28218
T: (704) 216-8120
F: (704) 705-8191
Email: bocaudill@villcaudill,com
*Counsel for Defendant*
*United Finishing Systems, LLC*