| | |
|---|---|
| **CROWN EQUIPMENT CORPORATION**<br><br>         **Plaintiff,**<br><br>v.<br><br>**DAVID BRADY, WILLIAM TUCKER, JOSEPH BOGGS, BRAWTUS HOLDINGS COMPANY, INC. (f/k/a Pneu-Mech Systems Manufacturing, Inc.), BRAWTUS, MANAGEMENT COMPANY, LLC, PNEU-MECH SYSTEMS MANUFACTURING, LLC (n/k/a Pneu-Mech Dissolution, LLC), PNEU-MECH SYSTEMS MANUFACTURING, INC., UNITED FINISHING SYSTEMS, LLC,**<br><br>         **Defendants.** | **DEFENDANT PNEU-MECH SYSTEMS MANUFACTURING, INC.**<br><br>**MEMO OF LAW IN SUPPORT OF A MOTION TO DISMISS DEFENDANTS DAVID BRADY, WILLIAM TUCKER, BRAWTUS HOLDING COMPANY, LLC, AND BRAWTUS MANAGEMENT COMPANY, LLC'S CROSSCLAIM AGAINST PNEU-MECH SYSTEMS MANUFACTURING, INC.** |

## MATTER BEFORE THE COURT

**NOW COMES** Defendant Pneu-Mech Systems Manufacturing, Inc. (hereinafter "PMSMI"), pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and submits this Memorandum of Law in support of its Motion to Dismiss.

## SUMMARY OF THE ARGUMENT

This Crossclaim should be dismissed because it fails to state a cause of action for which relief may be granted pursuant to the Federal Rules of Civil Procedure 12(b)(6). For example, (1) the Crossclaim does not satisfy the Rule 8 pleading standards under *Iqbal* and *Twombly*, (2) it does not allege an active and passive tortfeasor relationship, (3) the Crossclaim also does not

plead a prima facie case for common law indemnity, and (4) it does not allege an express indemnity contract.

## FACTS

Generally, Plaintiff, Crown Equipment Corporation (hereinafter the "Plaintiff") sued all the Defendants on product negligent claims, which allegedly caused damages to Plaintiff's industrial facility. (D.E. 1, pp. 21-41, ¶¶ 106-239.) More specifically, Plaintiff alleges that certain individuals and entities engaged in a scheme to form corporate entities, and over time, shut the entities down to avoid client obligations. (D.E. 1, pp 1,2, ¶¶ 1-5.)

Cross-claimants, David Brady, Willaim Tucker, Brawtus Holding Company, LLC, and Brawtus Management Company, LLC (hereinafter the "Cross-claimants"), filed the Crossclaim against PMSMI, alleging they have a right to indemnification if they are found liable in Plaintiff's claims. (D.E. 57, p.8, ¶ 44.) Initially, James Andrew's ("Andrew") and Jerry Trostle's ("Trostle") interests in Pneu-Mech Systems Manufacturing, LLC. led to the acquisition of the company through Pneu-Mech Holdings, Inc. (D.E. 57, pp. 2,3, ¶ 2-9.) After the acquisition, Andrews and Trostle changed the business name to Pneu-Mech Systems Manufacturing, Inc. (D.E. 57, p. 3, ¶ ¶10-11.) David Brady ("Brady") and William Tucker ("Tucker") had little involvement in the business dealings of PMSMI and despite their warnings, Andrews ("Andrews") and Trostle ("Trostle") contracted with Plaintiff to sell and install the powder coating equipment. (D.E. 57, pp. 3,4, ¶ 12-15.) Like the business dealings, Brady and Tucker had no participation in PMSMI selling the equipment to the Plaintiff. (D.E. 57, p.5, ¶¶ 21-26.) Andrews and Trostle used PMSMI to benefit two companies which they had a separate business relationship with. (D.E. 57, pp. 6-8, ¶¶ 27-43.) More specifically, when PMSMI could not pay the note owed to Brady and Tucker,

Andrews and Trostle supplied PMSMI's labor and materials to other companies without requiring them to pay for it. *Id.*

While the Cross-claimants state a cause of action for indemnity against PMSMI, none of the factual allegations in the Crossclaim support a right to indemnity, which would require that in the event the Cross-claimants are liable to the Plaintiff on the negligence claim, then PMSMI would be derivatively liable to the Cross-claimants on the same claim.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion a pleader must at least meet Rule 8(a)(2) pleadings standards. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007).

Further, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255–56 (4th Cir. 2009) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also King v. Rube*nstein, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions are not entitled to the assumption of truth and are insufficient to state a claim.") (internal quotation marks omitted).

The Court is not required to accept as true "unwarranted inferences, unreasonable conclusions, or arguments" in determining whether a pleading is sufficient to withstand a motion under Rule

12(b)(6). *Wahi v. Charleston Area Med. Ctr., Inc.,* 562 F.3d 599, 615 n. 26 (4th Cir.2009) (*quoting Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006); *see also Iqbal,* 556 U.S. at 676-677. Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Twombly,* 550 U.S. at 570).

## LEGAL SUMMARY

Indemnification exists when "'one party is exposed to liability by the action of another who, in law or equity, should make good the loss of the other.'" *Carl v. State*, 192 N.C.App. 544, 557, 665 S.E.2d 787, 797 (2008) (*quoting McDonald v. Scarboro*, 91 N.C.App. 13, 22, 370 S,E.2d 680, 686, *disc. review denied*, 323 N.C. 476, 373 S.E.2d 864 (1988)). It is appropriate to shift liability to another where the indemnifying party agreed to do so either expressly or impliedly, or where the indemnitor's fault is "'primary' and relatively more grievous, and the other's fault is 'passive,' or constructive,' or 'vicarious,' or 'insulated.'" *Wallenius Bremen G. m. b. H. v. U.S.*, 409 F.2d 994, 998 (1969) (*citing* Prosser, Torts § 48 (Hornbook Series, 3rd ed. 1964)).

Under North Carolina law, "a party's rights to indemnity can rest on three basis: (1) an express contract; (2) a contract implied-in-fact; or (3) equitable concept arising from the tort theory of indemnity, often referred to as a contract implied-in law." *Lineage Logistics LLC. v. Primus Builders Inc.*, No. 21 CVS 2372, 2024 WL 759948, at *11 (N.C. Super.Ct. Feb. 23, 2024). Express contract indemnity arises out of an indemnity clause that is in a contract between the parties. *Kaleel Builders v. Ashby,* 161 N.C.App. 34, 41, 587 S.E.2d 470, 475 (2003). A contract implied-in-law or common law indemnity is a legal fiction used in equity. *Id.* "The party seeking indemnity must have imputed or derivative liability for the tortious conduct from which indemnity is sought." *Id.* To successfully claim a right to implied-in -law indemnification, a party must "allege that primary

and secondary liability for the underlying torts exists between the parties." *Ascot Corporation, LLC v. I&R Waterproofing, Inc.,* 286 N.C.App. 470, 487, 881 S.E.2d 353, 366 (2022) (emphasis added) (*citing Kaleel Builders*, 161 N.C.App. 34, 41, 587 S.E.2d 470, 475). In this case, the Cross-claimants did not do that. Further, the party must also make out a prima facie case of an underlying tort to complete their implied-in-law indemnity claim. *Ascot,* 286 N.C.App. at 484-85, 881 S.E.2d at 366.

## ARGUMENT

### I. Cross-claimants' allegations fail to satisfy the pleadings standard set forth by *Iqbal* and *Twombly*.

As stated above, a pleading's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (*quoting* Fed. Rule Civ. Proc. 8(a)(2)).

Cross-claimants allege that if they are found liable, they are entitled to indemnity through a contract, at common law, or in law or equity. This allegation is merely conclusory, and it does not allege sufficient facts to make a claim. For example, the Crossclaim only describes the corporate history of PMSMI and does not describe an active and passive relationship. The Cross-claimants do not allege a factual basis for why they should be entitled to reimbursement from PMSMI. The Cross-claimants simply make a conclusory statement that indemnity attaches if they are found to be liable. Therefore, Cross-claimants failed to adequately state a claim for which relief can be granted and failed to include facts to support their allegation.

### II. Cross-claimants' indemnity claim fails to allege passive and active tortfeasors.

As previously stated, North Carolina recognizes indemnification based on a contract implied in law. *See Kaleel Builders,* 161 N.C.App. 34, 41, 587 S.E.2d 470, 475 (2003) (*citing McDonald v. Scarboro,* 91 N.C.App. 13, 370 S.E.2d 680 *disc. review denied,* 323 N.C. 476, 373 S.E.2d 864 (1988)). The equitable right of implied-in-law indemnity arises when an active tortfeasor's actions are manifested through a passive party, resulting in injury to another. *Id.* at 478. Primary-secondary liability exists where: (1) two parties are jointly and severally liable to the plaintiff, and "(2) either (a) one has been passively negligent but is exposed to liability through the active negligence of the other or (b) one alone has done the act which produced the injury but the other is derivatively liable for the negligence of the former." *Hendricks v. Leslie Fay, Inc.*, 273 N.C. 59, 62, 159 S.E.2d 362, 365 (1968).

Generally, under common law, there is no right to indemnification between joint tortfeasors. *Nationwide Mut. Ins. Co. v. Chantos*, 293 N.C. 431, 442, 238 S.E.2d 597, 604 (1977). However, under the active and passive distinction, passively liable parties are still entitled to indemnification despite both parties being joint tortfeasors. *Id.* For implied-in-law indemnification, a party must "allege that primary and secondary liability for the underlying torts exists between the parties." *Ascot,* 286 N.C.App. 470, 487, 881 S.E.2d 353, 367 (*citing Kaleel Builders*, 161 N.C.App. 34, 41, 587 S.E.2d 470, 475).

Here, the Complaint treats the Cross-claimants and PMSMI as actively negligent tortfeasors. (D.E. 1, pp. 21-23, ¶¶ 106-119.). Since the general rule states that indemnity does not apply when both tortfeasors are actively negligent, Cross-claimants' allegations of indemnity should be dismissed. However, even if the general rule does not apply, the Crossclaim is silent as to any active or passive liability between the Cross-claimants and PMSMI. More specifically, the Crossclaim broadly describes the business dealings of PMSMI without describing any active and

passive relationship between them and PMSMI. Therefore, the Crossclaim should still be dismissed because it fails to successfully claim a right to indemnity.

> III. **The Crossclaim fails to make out a prima facie case for implied-in-law indemnity.**

North Carolina courts have been consistent as to the elements required to warrant a right of implied-in-law indemnity. *Kaleel Builders,* 161 N.C.App. at 39, 587 S.E.2d at 474. Specifically, implied-in-law indemnity arises from an underlying tort, where a passive tortfeasor pays the judgment owed by an active tortfeasor to the injured third party. *Id.* To have a right to implied-in-law indemnification, a party must allege each of the elements of an underlying tort like negligence. *Ascot,* 286 N.C.App. at 484-85, 881 S.E.2d at 365. "To state a claim for negligence, a [pleader] must allege '(1) a legal duty, (2) a breach thereof, and (3) injury proximately caused by the breach.'" *Id.* at 487 (*quoting Fussell v. North Carolina Farm Bureau Mut. Ins. Co., Inc.* 364 N.C. 222, 226, 695 S.E.2d 437, 440 (2010)).

Here, Cross-claimants fail to allege facts sufficient to state a claim for implied-in-law indemnification. The Crossclaim merely claims a right to implied-in-law indemnification from PMSMI. However, the Crossclaim does not allege a prima facie case for any underlying torts, more specifically, negligence. Specifically, the facts alleged do not mention nor support any finding of duty, breach, causation, or damages. Therefore, Cross-claimants' claim should be dismissed because it fails to sufficiently state a claim for implied-in law indemnity.

> IV. **Cross-claimants do not allege an indemnity contract between themselves and PMSMI.**

As stated above, indemnification can be found through an express contract. *Lineage,* No. 21 CVS 2372, 2024 WL 759948, at *11 (N.C. Super.Ct. Feb. 23, 2024). For express contract indemnification, traditional contract principles apply whereby an indemnity clause would be

specifically set out in the contract as a part of the basis of the bargain. *Kaleel Builders*, 161 N.C.App. at 38, 587 S.E.2d at 474. To state a cause of action for a breach of contract, the pleader must assert (1) the existence of a valid contract and (2) breach of the terms of the contract. *Schlieper v. Johnson*, 195 N.C.App. 257, 265, 672 S.E.2d 548, 553 (2009). The formation of a valid contract requires three elements: (1) offer; (2) acceptance; and (3) consideration. *Kinesis Advertising, Inc. v. Hill*, 187 N.C.App. 1, 11, 652 S.E.2d 284, 292 (*citing Cap Care Group, Inc. v. McDonald*, 149 N.C.App. 817, 822, 561 S.E.2d 578, 582, *disc. review denied*, 356 N.C. 611, 574 S.E.2d 676 (2002)).

In this case, the Cross-claimants allege that they are entitled to indemnity through a written contract with PMSMI. However, there is not a written contract with an indemnification provision between the Cross-claimants and PMSMI. Further, there are no factual allegations to support a finding that an indemnity contract exists. For example, the Crossclaim merely describes the rise and fall of PMSMI's business and does not describe the formation or breach of an indemnity contract between themselves and PMSMI. Therefore, this claim should be dismissed because there is not a written contract with an indemnification clause between the Cross-claimants and PMSMI, and the Cross-claimants' factual allegations do not support such a finding.

## **CONCLUSION**

Based on the foregoing, it is respectfully submitted that the Court should grant Defendants' Motion to Dismiss in its entirety.

**WHEREFORE**, Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiffs' Complaint.

THIS THE 8TH DAY OF MAY, 2024.

> HEDRICK GARDNER KINCHELOE & GAROFALO LLP
>
> /s/ <u>Gerald A. Stein</u>
> GERALD A. STEIN
> NC State Bar No. 36408
> /s/ <u>Jarrod B. Summey</u>
> JARROD B. SUMMEY
> NC State Bar No. 49548
> 4201 Congress St, Suite 300
> Charlotte, NC 28209
> Tel: 704-319-5464
> Tel: 704-602-8184
> astein@hedrickgardner.com
> jsummey@hedrickgardner.com
> Attorneys for Defendant Pneu-Mech Systems Manufacturing, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel of record via CM/ECF.

oS
This the 8th day of May, 2024.

                                                   **/s/ Jarrod B. Summey**
                                                   **JARROD B. SUMMEY**
                                                   **NC State Bar No. 49548**