IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:23-CV-059-KDB-DCK

| | |
|---|---|
| CROWN EQUIPMENT CORPORATION, | )<br>) |
| Plaintiff, | ) **ORDER**<br>) |
| v. | )<br>) |
| DAVID BRADY, et al., | )<br>) |
| Defendant, | )<br>) |
| v. | )<br>) |
| JAMES ANDREWS and JERRY TROSTLE, | )<br>) |
| Third-Party Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Dismiss Defendants Brady, William Tucker, Brawtus Holding Company, LLC, And Brawtus Management Company, LLC's Crossclaims Against Pneu-Mech Systems Manufacturing, Inc." (Document No. 66) filed May 8, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will direct that the pending motion to dismiss be <u>denied</u> as moot.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21

days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

## DISCUSSION

David Brady, William Tucker, Brawtus Holding Company, LLC, and Brawtus Management Company, LLC (together, "Cross-claimants") filed a "First Amended Crossclaim" (Document No. 77 on May 22, 2024. Cross-claimants' "First Amended Crossclaim" (Document No. 77) supersedes their original "Crossclaim" (Document No. 57). As such, the undersigned will direct that "Motion To Dismiss Defendants['] ... Crossclaims Against Pneu-Mech Systems Manufacturing, Inc."(Document No. 66) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16,

2008); and <u>Atlantic Skanska, Inc. v. City of Charlotte</u>, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Pneu-Mech Systems Manufacturing, Inc. contends the "First Amended Crossclaim" (Document No. 77) is deficient, this Order is without prejudice to filing a renewed motion to dismiss the Amended Crossclaim.

**IT IS, THEREFORE, ORDERED** that the "Motion To Dismiss Defendants Brady, William Tucker, Brawtus Holding Company, LLC, And Brawtus Management Company, LLC's Crossclaims Against Pneu-Mech Systems Manufacturing, Inc." (Document No. 66) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: May 23, 2024

David C. Keesler
United States Magistrate Judge

3

Case 5:23-cv-00059-KDB-DCK   Document 78   Filed 05/23/24   Page 3 of 3