# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

## Civil Action No. 5:23-cv-00059

| | |
|---|---|
| **CROWN EQUIPMENT CORPORATION**<br><br>**Plaintiff,**<br><br>v.<br><br>**DAVID BRADY, WILLIAM TUCKER, JOSEPH BOGGS, BRAWTUS HOLDINGS COMPANY, INC. (f/k/a Pneu-Mech Systems Manufacturing, Inc.), BRAWTUS, MANAGEMENT COMPANY, LLC, PNEU-MECH SYSTEMS MANUFACTURING, LLC (n/k/a Pneu-Mech Dissolution, LLC), PNEU-MECH SYSTEMS MANUFACTURING, INC., UNITED FINISHING SYSTEMS, LLC,**<br><br>**Defendants.** | **DEFENDANT PNEU-MECH SYSTEMS MANUFACTURING, INC.**<br><br>**MEMO OF LAW IN SUPPORT OF A MOTION TO DISMISS DEFENDANTS DAVID BRADY, WILLIAM TUCKER, BRAWTUS HOLDING COMPANY, LLC, AND BRAWTUS MANAGEMENT COMPANY, LLC'S FIRST AMENDED CROSSCLAIMS AGAINST PNEU-MECH SYSTEMS MANUFACTURING, INC.** |

## MATTER BEFORE THE COURT

**NOW COMES** Defendant Pneu-Mech Systems Manufacturing, Inc. (hereinafter "Pneu 3.0"), pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and submits this Memorandum of Law in support of its Motion to Dismiss.

## SUMMARY OF THE ARGUMENT

This First Amended Crossclaim should be dismissed because it fails to state a cause of action for which relief may be granted pursuant to the Federal Rules of Civil Procedure 12(b)(6). The First Amended Crossclaim does not satisfy the Rule 12 pleading standards under *Iqbal* and

1

*Twombly*. Further, it does not sufficiently allege express contract indemnification. The First Amended Crossclaim has not alleged an active and passive tortfeasor relationship. Lastly, the First Amended Crossclaim has not pled a prima facie case for common law indemnity.

## FACTS

Generally, Plaintiff, Crown Equipment Corporation (hereinafter the "Plaintiff") sued all the Defendants on product negligent claims, which allegedly caused damages to Plaintiff's industrial facility. (D.E. 1, pp. 21-41, ¶¶ 106-239.) More specifically, Plaintiff alleges that certain individuals and entities engaged in a scheme to form corporate entities, and over time, shut the entities down to avoid client obligations. (D.E. 1, pp. 1,2, ¶¶ 1-5.)

Cross-claimants, David Brady, Willaim Tucker, Brawtus Holding Company, LLC, and Brawtus Management Company, LLC (hereinafter the "Cross-claimants"), filed the Crossclaim against PMSMI, alleging they have a right to indemnification if they are found liable in Plaintiff's claims. (D.E. 57, p.8, ¶ 44.) Initially, James Andrew's ("Andrew") and Jerry Trostle's ("Trostle") interests in Pneu-Mech Systems Manufacturing, LLC. led to the acquisition of the company through Pneu-Mech Holdings, Inc. (D.E. 57, pp. 2,3, ¶ 2-9.) After the acquisition, Andrews and Trostle changed the business name to Pneu-Mech Systems Manufacturing, Inc. (D.E. 57, p. 3, ¶ ¶10-11.) David Brady ("Brady") and William Tucker ("Tucker") had little involvement in the business dealings of PMSMI and despite their warnings, Andrews ("Andrews") and Trostle ("Trostle") contracted with Plaintiff to sell and install the powder coating equipment. (D.E. 57, pp. 3,4, ¶¶ 12-15.) Like the business dealings, Brady and Tucker had no participation in PMSMI selling the equipment to the Plaintiff. (D.E. 57, p.5, ¶¶ 21-26.) Andrews and Trostle used PMSMI to benefit two companies which they had a separate business relationship with. (D.E. 57, pp. 6-8, ¶¶ 27-43.) More specifically, when PMSMI could not pay the note owed to Brady and Tucker,

2

Andrews and Trostle supplied PMSMI's labor and materials to other companies without requiring them to pay for it. *Id.*

After PMSMI filed a Motion to Dismiss the original Crossclaim, Cross-claimants amended their Crossclaim in effort to plead indemnification sufficiently. The First Amended Crossclaim reflects that the Cross-claimants are entitled to express contract indemnification through PMSMI's Bylaws because Cross-claimants were named as board members of the company. (D.E. 77, p.3, ¶ 14.) Further, Andrews and Trostle knew or should have known that they would have an inadequate resource to complete jobs such as the Crown job. (D.E. 77, p. 9, ¶ 48.)

While the Cross-claimants state a cause of action for indemnity against PMSMI, none of the factual allegations in the Crossclaim support a right to express contract or implied in law indemnity, which would require that in the event the Cross-claimants are liable to the Plaintiff on the negligence claim, then PMSMI would be derivatively liable to the Cross-claimants on the same claim.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion a pleader must at least meet Rule 8(a)(2) pleadings standards. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 1959,167 L.E.2d 929 (2007).

Further, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet*

*Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255–56 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *see also King v. Rube*nstein, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions are not entitled to the assumption of truth and are insufficient to state a claim.") (internal quotation marks omitted).

The Court is not required to accept as true "unwarranted inferences, unreasonable conclusions, or arguments" in determining whether a pleading is sufficient to withstand a motion under Rule 12(b)(6). *Wahi v. Charleston Area Med. Ctr., Inc.,* 562 F.3d 599, 615 n. 26 (4th Cir.2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006); *see also Iqbal,* 556 U.S. at 676-677. Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570).

## LEGAL SUMMARY

Indemnification exists when "'one party is exposed to liability by the action of another who, in law or equity, should make good the loss of the other.'" *Carl v. State*, 192 N.C.App. 544, 557, 665 S.E.2d 787, 797 (2008) (*quoting McDonald v. Scarboro*, 91 N.C.App. 13, 22, 370 S.E.2d 680, 686, *disc. review denied*, 323 N.C. 476, 373 S.E.2d 864 (1988)). It is appropriate to shift liability to another where the indemnifying party agreed to do so either expressly or impliedly, or where the indemnitor's fault is "'primary' and relatively more grievous, and the other's fault is 'passive,' or constructive,' or 'vicarious,' or 'insulated.'" *Wallenius Bremen G. m. b. H. v. U.S.*, 409 F.2d 994, 998 (1969) (*citing* Prosser, Torts § 48 (Hornbook Series, 3rd ed. 1964)).

Under North Carolina law, "a party's rights to indemnity can rest on three basis: (1) an express contract; (2) a contract implied-in-fact; or (3) equitable concept arising from the tort theory of indemnity, often referred to as a contract implied-in law." *Lineage Logistics LLC. v. Primus*

*Builders Inc.*, No. 21 CVS 2372, 2024 WL 759948, at *11 (N.C. Super.Ct. Feb. 23, 2024). Express contract indemnity arises out of an indemnity clause that is in a contract between the parties. *Kaleel Builders v. Ashby,* 161 N.C.App. 34, 41, 587 S.E.2d 470, 475 (2003). A contract implied-in-law or common law indemnity is a legal fiction used in equity. *Id.* "The party seeking indemnity must have imputed or derivative liability for the tortious conduct from which indemnity is sought." *Id.* To successfully claim a right to implied-in -law indemnification, a party must "allege that primary and secondary liability for the underlying torts exists between the parties." *Ascot Corporation, LLC v. I&R Waterproofing, Inc.,* 286 N.C.App. 470, 487, 881 S.E.2d 353, 366 (2022) (emphasis added) (*citing Kaleel Builders*, 161 N.C.App. 34, 41, 587 S.E.2d 470, 475). In this case, the Cross-claimants did not do that. Further, the party must also make out a prima facie case of an underlying tort to complete their implied-in-law indemnity claim. *Ascot,* 286 N.C.App. at 484-85, 881 S.E.2d at 366.

## ARGUMENT

I. **The Cross-claimants' allegations fail to satisfy the pleadings standard set forth by *Iqbal* and *Twombly*.**

A pleading's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (*quoting* Fed. Rule Civ. Proc. 8(a)(2)).

Cross-claimants allege that if they are found liable, they are entitled to indemnity through a contract, at common law, or in law or equity. This allegation is merely conclusory, and it does not allege sufficient facts to make a claim. For example, the First Amended Crossclaim only describes the corporate history of PMSMI and does not describe the terms and conditions of

5

PMSMI's Bylaws nor breach of said terms and conditions. The Cross-claimants simply make a conclusory statement that indemnity attaches if they are found to be liable. Therefore, Cross-claimants failed to adequately state a claim for which relief can be granted and failed to include facts to support their allegation.

> **II.    The Cross-claimants have not alleged formation and breach of an indemnity contract.**

As stated above, indemnification can be found through an express contract. *See Lineage,* No. 21 CVS 2372, 2024 WL 759948, at *11 (N.C. Super.Ct. Feb. 23, 2024). For express contract of indemnification, traditional contract principles apply whereby an indemnity clause would be specifically set out in the contract as a part of the basis of the bargain. *Id.* The elements of a valid contract are offer, acceptance, consideration, and mutuality of assents to the contract's essential terms. *Lannan v. Board of Governors of University of North Carolina*, 285 N.C.App. 574, 597, 879 S.E.2d 290, 307 (2022). To sufficiently state a claim for breach of contract, a pleader must show (1) the existence of a valid contract and (2) breach of the terms of the contract. *Blue Ridge Pediatric & Adolescent Medicine, Inc. v. First Colony Healthcare, LLC.* No. 11 CVS 127, 2012 WL 4714497, at *6 (N.C.Super.Ct. October 3, 2012).

In this case, the Cross-claimants allege that they are entitled to indemnity through the PMSMI's Bylaws.  However, Cross-claimants merely refer to such Bylaws alleging any facts about the Bylaws or adding the Bylaws as an exhibit to the cross claim.  They have not specifically alleged the terms and conditions of the Bylaws contract, or any facts that amount to a breach. In the First Amended Crossclaim, none of the allegations support a finding that the parties assented to the alleged contract, nor do they state the terms and conditions that were allegedly breached. Therefore, this claim should be dismissed because the Cross-claimants' factual allegations do not

6

support a finding that the Cross-claimants have a right to express contractual indemnity byway of PMSMI's assent and breach of any contract terms.

### III. The Cross-claimants' indemnity claim fails to allege passive and active tortfeasors.

North Carolina recognizes indemnification based on a contract implied by law. *See Kaleel Builders*, 161 N.C.App. 34, 587 S.E.2d 470 (2003) (*citing McDonald v. Scarboro,* 91 N.C.App. 13, 370 S.E.2d 680 *disc. review denied,* 323 N.C. 476, 373 S.E.2d 864 (1988)). The equitable right to indemnity arises when an active tortfeasor's actions are manifested through a passive party, resulting in injury to another. *Id.* at 478, 373 S.E.2d at 46 (*citing Edwards v. Hamill*, 262 N.C. 528, 531, 138 S.E.2d 151, 153 (1964)). Generally, under common law, there is no right to indemnification between joint tortfeasors. *See Nationwide Mut. Ins. Co. v. Chantos*, 293 N.C. 431, 442, 238 S.E.2d 597, 604 (1977). However, under the active and passive distinction, passively liable parties are still entitled to indemnification despite both parties being joint tortfeasors. *Id.* To successfully claim a right to implied-in law indemnification, a party must "allege that primary and secondary liability for the underlying torts exists between the parties." *Ascot,* 286 N.C.App. 470, 487, 881 S.E.2d 353, 367 (2022) (*citing Kaleel Builders*, 161 N.C.App. 34, 41, 587 S.E.2d 470, 475 (2003)).

Here, Plaintiff's Complaint treats the Co-defendants (the Cross-claimants and PMSMI) as actively negligent joint tortfeasors. For example, Count One in the Plaintiff's Complaint alleges "negligence causing damage to Crown's property other than the powder coating system" jointly against Cross-claimants and PMSMI. (D.E. 1, pp 21,22, ¶¶ 107-122.) Since the general rule states that indemnity does not apply when both tortfeasors are actively negligent, as Plaintiff as alleged, Cross-claimants' allegations of indemnity should be dismissed. However, even if the general rule does not apply, the First Amended Crossclaim does not allege any specific facts to state an active-

passive relationship between the Cross-claimants and PMSMI. Therefore, the First Amended Crossclaim should still be dismissed because it fails to successfully claim the right to implied-in-law indemnity.

### IV. The First Amended Crossclaim fails to make out a prima facie case for implied-in-law indemnity.

North Carolina courts have been consistent as to the elements required to warrant a right of implied-in-law indemnity. *Kaleel Builders,* 161 N.C.App. at 39, 587 S.E.2d at 474. Specifically, implied-in-law indemnity arises from an underlying tort, where a passive tortfeasor pays the judgment owed by an active tortfeasor to the injured third party. *Id.* To have a right to implied-in-law indemnification, a party must allege each of the elements of an underlying tort like negligence. *Ascot,* 286 N.C.App. at 484-85, 881 S.E.2d at 365. "To state a claim for negligence, a [pleader] must allege '(1) a legal duty, (2) a breach thereof, and (3) injury proximately caused by the breach.'" *Id.* at 487 (*quoting Fussell v. North Carolina Farm Bureau Mut. Ins. Co., Inc.* 364 N.C. 222, 226, 695 S.E.2d 437, 440 (2010)).

Here, Cross-claimants fail to allege facts sufficient to state a claim for implied-in-law indemnification. The First Amended Crossclaim fails to allege the underlying torts for which the Cross-claimants are passive tortfeasors. Further, the First Amended Crossclaim does not allege a prima facie case for any underlying torts, more specifically, negligence. Specifically, the facts alleged do not mention nor support any finding of duty, breach, causation, or damages. Therefore, Cross-claimants' claim should be dismissed because it fails to sufficiently state a claim for implied-in law indemnity.

### CONCLUSION

Based on the foregoing, it is respectfully submitted that the Court should grant Defendants' Motion to Dismiss in its entirety.

**WHEREFORE**, Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiffs' Complaint.

THIS THE 7TH DAY OF JUNE, 2024.

**HEDRICK GARDNER KINCHELOE & GAROFALO LLP**

**/s/ Gerald A. Stein**
**GERALD A. STEIN**
**NC State Bar No. 36408**
**/s/ Jarrod B. Summey**
**JARROD B. SUMMEY**
**NC State Bar No. 49548**
**4201 Congress St, Suite 300**
**Charlotte, NC 28209**
**Tel: 704-319-5464**
**Tel: 704-602-8184**
**astein@hedrickgardner.com**
**jsummey@hedrickgardner.com**
**Attorneys for Defendant Pneu-Mech Systems Manufacturing, Inc.**

9

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel of record via CM/ECF.

This the 7th day of June, 2024.

/s/ **Jarrod B. Summey**
**JARROD B. SUMMEY**
**NC State Bar No. 49548**