# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CASE NO.  5:23-CV-059-KDB-DCK

| | | |
|---|---|---|
| CROWN EQUIPMENT CORPORATION, | ) | |
| | ) | |
| **Plaintiff,** | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID BRADY,  et al., | ) | |
| | ) | |
| **Defendants,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES ANDREWS  and  JERRY TROSTLE, | ) | |
| | ) | |
| **Third-Party Defendants.** | ) | |
| | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Third-Party Defendants' "Motion to Dismiss" (Document No. 83) filed July 8, 2024.  By the instant motion, Third-Party Defendants James Andrews and Jerry Trostle seek the dismissal of the "Third-Party Complaint" (Document No. 63) filed by David Brady, William Tucker, Brawtus Holding Company, LLC, and Brawtus Management Company, LLC ("Third-Party Plaintiffs").

This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  Having carefully considered the motion, the record, and applicable authority, the undersigned will direct that the pending motion to dismiss be denied as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one

to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1).

## DISCUSSION

In response to the "Motion to Dismiss" (Document No. 83), Third-Party Plaintiffs filed a "First Amended Third-Party Complaint" (Document No. 86) on July 22, 2024.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

This Order is without prejudice to Third-Party Defendants filing a renewed motion to dismiss the "First Amended Third-Party Complaint" (Document No. 86).

**IT IS, THEREFORE, ORDERED** that Third-Party Defendants' "Motion to Dismiss" (Document No. 83) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: August 1, 2024

David C. Keesler
United States Magistrate Judge

3