IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00059-KDB-DCK

| | |
|---|---|
| CROWN EQUIPMENT CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID BRADY, ET AL.,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Pneu-Mech Systems Manufacturing, Inc.'s (hereinafter "PMSMI") Motion to Dismiss Defendants David Brady, William Tucker, Brawtus Holding Company, LLC, and Brawtus Management Company, LLC's ("Cross-claimants") First Amended Crossclaims (Doc. No. 79). The Court has carefully considered this motion and the parties' briefs and exhibits. Because the Court finds that the Cross-claimants have plausibly alleged their entitlement to indemnity the Court will **DENY** the motion.

### I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading, including a crossclaim, must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic*

1

*Corp.*, 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. DISCUSSION

In this action, Crown Equipment Corporation ("Crown") filed suit against a large group of defendants based on damages it allegedly suffered from the allegedly negligent design and manufacture of an industrial oven by PMSMI. (*See* Doc. No. 1). Further, Crown alleges that certain individuals and entities engaged in a scheme to form various corporate entities, and over time, shut the entities down to avoid client obligations. (Doc. No. 1, ¶¶ 1-5.). These Defendant entities and individuals included the Cross-claimants, who were the initial entities and their owners (who remained on the Board of Directors of PMSMI after the sale). However, the Cross-claimants assert in their crossclaim that they had no control over PMSMI or involvement in any alleged wrongdoing and the individual Cross-claimants in fact advised PMSMI not to pursue the business relationship with Crown. In terms of their legal crossclaim, the Cross-claimants seek indemnity from PMSMI based on the indemnification

2

Case 5:23-cv-00059-KDB-DCK   Document 96   Filed 08/20/24   Page 2 of 3

provisions of the corporation's bylaws and pursuant to the common law doctrines of an implied-in-fact contract or a contract implied-in-law.

As discussed above, the question before the Court at this early stage is not whether the Cross-claimants' indemnification claim will prevail on the merits (which, of course, will depend in turn on the success of Crown's disputed claims against them in the first place). Rather, the Court need only decide if, accepting their factual allegations as true, whether it is plausible that the Cross-claimants are entitled to indemnification. Based on the Cross-claims and a review of the PMSMI bylaws referenced in that pleading, the Court readily finds that the Cross-claimants' claim for indemnification is, at a minimum, plausible. Indeed, the bylaws – as is typical in North Carolina corporate documents – specifically promise indemnification for officers and directors. The Court also notes that to the extent there might be any challenge to the authenticity or application of the proffered bylaws, PMSMI chose not to file any Reply to the Cross-claimants' opposition. Therefore, PMSMI's motion to dismiss will be denied.

## III.  ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. PMSMI's Motion to Dismiss First Amended Cross-claims (Doc. No. 79) is **DENIED;** and

2. This case shall proceed towards a resolution on the merits of the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: August 20, 2024

Kenneth D. Bell
United States District Judge

3

Case 5:23-cv-00059-KDB-DCK    Document 96    Filed 08/20/24    Page 3 of 3