# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:23-CV-059-KDB-DCK

| | |
|---|---|
| **CROWN EQUIPMENT CORPORATION,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **DAVID BRADY, et al.,** ) <br> ) <br> Defendants. ) <br> ) | **STIPULATED PROTECTIVE ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the Parties' "Joint Motion For Entry Of A Stipulated Protective Order" (Document No. 115) filed October 7, 2024. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the Parties' proposed Stipulated Protective Order.

Plaintiff Crown Equipment Corporation and Defendants David Brady, William Tucker, Joseph Boggs, Brawtus Holding Company, Inc., Brawtus Management Company, LLC, Pneu-Mech Dissolution, LLC, Pneu-Mech Systems Manufacturing, Inc., and United Finishing Systems LLC (each a "Party" and collectively the "Parties") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, and/or personally or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and requested that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

**IT IS, THEREFORE, ORDERED** pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the Court finds good cause for the following Stipulated Protective Order regarding the disclosure and use of discovery materials ("Order" or "Protective Order"):

I. **PURPOSE**.

A Receiving Party may use Protected Material, as defined below, that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this action, <u>Crown Equipment Corporation v. Brady et al.</u>, Case No. 5:23-CV-059-KDB-DCK (the "Litigation"). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

II. **DEFINITIONS**

a. "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or any disclosures in this Litigation.

b. "Designating Party" means any Party or other third-party/non-party entity that designates Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided for in this Order.

c. "Outside Counsel" means (i) counsel who appear on the pleadings as counsel for a Party in this Litigation, and (ii) attorneys and administrative staff associated with such counsel to whom it is reasonably necessary to disclose the information for purposes of this Litigation.

d. "Party" means any party to this case, and for any Party not an individual any employee, director, officer, or manager of that Party with a need to know, but only to the extent necessary to further the interest of the Parties in this Litigation, and only after such persons have completed the certification attached hereto as **Exhibit A**, Acknowledgment and Agreement to be Bound, attached hereto.

e. "Producing Party" means any Party or other third-party/non-party person or

entity that discloses or produces any Discovery Material in this case.

      f.    "Protected Material" means any Discovery Material that, is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided for in this Order, as well as any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or their Counsel in Court or in any other setting that might reveal such information. Protected Material shall not include materials that show on their face they have been disseminated to the public by the Designating Party.

      g.    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

**III.    SCOPE**.

      a.    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose.

      b.    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in this Court or in any court filing so long as appropriate actions are taken to protect any Protected Material's confidentiality, such as filing the Protected Material under seal consistent with Local Rule 6.1 and Paragraph XI below.

      c.    This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**IV.    DURATION**.

The confidentiality obligations in Protected Material designated under this Order shall remain in effect following the final disposition of this Litigation, whether that be by judgment,

dismissal, settlement, or otherwise, unless a Producing Party agrees otherwise in writing or the Court orders otherwise.

## V. ACCESS TO AND USE OF PROTECTED MATERIAL.

a. <u>Basic Principles</u>. All Protected Material shall be used solely for this Litigation or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

b. <u>Secure Storage</u>. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

c. <u>Limitations</u>. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) that was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the advance written consent of the Producing Party; or (v) pursuant to Order of the Court.

## VI. DESIGNATING PROTECTED MATERIAL.

a. <u>Available Designations</u>. Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", provided that the material meets the requirements for such designation as provided herein.

b.      <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used and defined in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph XII(a) or XIII(a) may be so designated by placing the appropriate designation on every page of the written material for which such designation is appropriate prior to production. In the event that original documents are produced for inspection, the original documents shall be presumed CONFIDENTIAL – ATTORNEYS' EYES ONLY during the inspection and re-designated, as appropriate during the copying process.

c.      <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate all or portions of depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed CONFIDENTIAL until the time within which portions of the testimony may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, before the time within which it may be appropriately designated as Protected Material has passed, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as CONFIDENTIAL must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.  In such cases, the court reporter shall be informed of this Protective

5

Case 5:23-cv-00059-KDB-DCK   Document 117   Filed 10/08/24   Page 5 of 19

Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**VII. DISCOVERY MATERIALS DESIGNATED "CONFIDENTIAL".**

    a.    To the extent reasonably possible, each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific documents that qualify under the appropriate standards. A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, non-public, proprietary, commercially sensitive, and/or private information of an individual or entity.

    b.    Unless otherwise ordered by the Court, Discovery Material stamped CONFIDENTIAL may be disclosed only to the following:

1. The Court and its personnel, although any Party who seeks to file Protected Material with the Court must abide by the motion to seal provision described in Paragraph XI, below.

2. The Parties themselves.

3. The Receiving Party's Outside Counsel, their paralegals and staff, and any copying, clerical, or other support services working at the direction of such Outside Counsel, paralegals, and staff.

4. Independent consultants or expert witnesses (i.e., not existing employees of a Party) retained for the purpose of this Litigation, provided that before access is given, the consultant or expert has completed the attached **Exhibit A** hereto.

5. Court reporters, stenographers, and videographers retained to record testimony taken in this Litigation.

6. The authors, the original recipients of the documents, or other persons reasonably believe to have previously seen the document or have been informed about the document.

7. Deposition and trial witnesses of the Producing Party.

8. A vendor hired by a Party to collect documents; host data; maintain a database of electronic data; or perform other work related to the collection, review, production of documents, or copying of documents in the case, or other professional vendors, if the vendor's employees having access to the data or documents sign the certificate attached as **Exhibit A**.

9. Personnel at interpretation/translation service establishments retained by the Receiving Party's Outside Counsel as necessarily incident to the Litigation, including without limitation oral interpreters and document translators, if the personnel having access to the data or documents sign the certificate attached as **Exhibit A**.

10. Any mediator who is assigned or hired to hear this matter, and his or her staff, if the mediator or his or her staff having access to the data or documents sign the certificate attached as **Exhibit A**.

11. Any other person agreed to in writing by the Parties, provided such person sign the certificate attached as **Exhibit A**.

VIII. **DISCOVERY MATERIALS DESIGNATED AS "CONFIDENTIAL - ATTORNEYS' EYES ONLY".**

    a.    A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that the Producing Party claims in good faith constitutes confidential trade secrets, confidential financial or business plans and strategies, or other highly sensitive personal or proprietary information that may cause competitive, commercial or financial injury if disclosed beyond the disclosure allowed in Paragraph VIII(b), below.

    b.    Unless otherwise ordered by the Court, Discovery Material that is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Producing Party may be disclosed by a Receiving Party only to the persons identified in Paragraphs 7(b) i, iii, iv, v, vi, vii, viii, ix, ix, and

xi. All requirements of those paragraphs apply to the disclosure of Discovery Material that is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

## IX. CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL.

a. A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

b. Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

1. The objecting Party shall have the burden of conferring with the Producing Party claiming protection in a good faith effort to resolve the dispute. The Designating Party shall have the burden of justifying the disputed designation.

2. Failing agreement, within five (5) calendar days of the communication of no change to designations, the challenging parties' recourse is to follow the United States District Court for the Western District of North Carolina ("District")'s rules concerning the filing of letters outlining the discovery dispute, including by requesting a ruling on whether the Discovery Material in question is entitled to the status and protection of the Producing Party's designation. The Producing Party shall have the burden of justifying the disputed designation. In the event that the Court orders further briefing on the issue, the Parties will abide by any order of the Court as to the sequence and timing of the briefing. The Parties' entry into this Order shall not preclude or prejudice any Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

3. Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## X. SUBPOENAS OR COURT ORDERS.

If at any time a Receiving Party receives a subpoena from any court, arbitral, administrative, regulatory or legislative body, requesting Discovery Material produced by another Party, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its Outside Counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials. Nothing in this paragraph should be construed as permitting disclosure of Protected Material to any third party except as expressly provided in this Order.

## XI. FILING PROTECTED MATERIAL.

a. Any Party who seeks to file Protected Material with the Court must comply with this provision. To the extent reasonably possible, a Party's counsel who intends to later file Protected Material with the Court must first attempt to meet and confer with the Party's Outside Counsel to determine if the Protected Material needs to be kept confidential and filed under seal. If, for any reason, the meet and confer process does not occur or does not result in lifting the designation for the relevant Protected Material, the Party who desires to file such Protected Material must file a Motion to Seal, pursuant to Local Rule 6.1(c) and may submit, pursuant to Local Rule 6.1(d) an unredacted version of the material under seal for review by the Court, taking precautions to ensure it is not publicly disclosed in that process. The Producing Party who designated the information or documents as Protected Material, may file a brief in support of the motion to seal. The Producing Party shall have the burden of justifying that the Protected Materials must be submitted under seal. Absent written permission from the Producing Party or a court order denying a motion to seal, a Receiving Party may not file in the public record any Protected

9

Material. If a Party files a motion to seal, that Party shall redact or note via placeholder the Protected Material it intended to file in support of its brief or paper filed with the Court.

  b.  If a Party believes that material has been designated as Protected Material and cannot or should not be sealed, pursuant to the protocols and rules in this District, then the Party wishing to file the materials shall particularly identify the documents or information that it wishes to file to the Producing Party, in writing. The Parties will then meet and confer, in a good faith effort to resolve the dispute.

  c.  The use of Protected Material during the pre-trial hearing shall be determined by agreement of the parties or by order of the Court.

## XII. SHIPPING PROTECTED MATERIAL.

When any Receiving Party ships any Discovery Material to others designated in this Order as authorized to receive Discovery Material, the Receiving Party will encrypt any electronic data (if the Discovery Material is in that format) and supply the password in separate correspondence to the recipient. If the Discovery Material is in hard copy/paper form, the Receiving Party will ship the Discovery Material using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that Discovery Material may have been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Discovery Material.

## XIII. DISCLOSURE OF PRIVILEGED MATERIAL.

  a.  The production of documents (including both paper documents and electronically stored information) subject to protection by the attorney-client, and/or the work-product, joint defense, or other similar doctrine, or by another legal privilege protecting information from

discovery shall not constitute a waiver of any privilege or other protection, provided that the Producing Party notifies the Receiving Party, in writing, of the production after its discovery of the same.

b. If the Producing Party notifies the Receiving Party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the Producing Party or destroyed or deleted, on request of the Producing Party. If the Receiving Party wishes to move the Court for an order compelling production of some or all of the Identified Materials, it may retain and sequester one copy of the Identified Materials until a determination is made by the Court. If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

c. The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms, and any other location that stores the documents. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

d. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

e. If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that

the Producing Party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

  f.  The Party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

  g.  The Parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of Identified Materials is not a waiver of the privilege in any other federal or state proceeding.

  h.  This stipulated agreement set forth in Paragraph XIII and its subparts does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine, or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

**XIV. FAILURE TO DESIGNATE PROPERLY.**

  a.  The failure by a Producing Party to designate Discovery Material with the correct confidentiality designation shall not waive any such designation. If the Producing Party notifies all Receiving Parties of a failure to designate materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", the Producing Party shall reproduce the Protected Material with the correct confidentiality designation within ten (10) days upon its notification to the Receiving Party. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

12

Case 5:23-cv-00059-KDB-DCK Document 117 Filed 10/08/24 Page 12 of 19

b. A Receiving Party shall not be in breach of this Order for any use of such non-designated or misdesignated Discovery Material before the Receiving Party receives notice of the failure to designate. Once a Receiving Party has received notice of the failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.

## XV. DISCLOSURE NOT AUTHORIZED BY ORDER.

a. In the event of a disclosure of any Protected Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify Outside Counsel for the Producing Party whose Protected Material has been disclosed and provide to such Outside Counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

b. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

## XVI. FINAL DISPOSITION.

a. Not later than sixty (60) days after the final disposition of this Litigation, each Party or any person who received Designated Material pursuant to this Order shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Receiving Party. For purposes of this Order, "final disposition" occurs after an order, mandate, or dismissal finally terminating the Litigation with prejudice, including all appeals.

b. All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one set of pleadings, correspondence, and attorney and consultant work product (but not document productions) that contain another Party's Protected Material for archival purposes.

## XVII. MISCELLANEOUS.

a. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

b. <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of this Litigation. The Court shall retain jurisdiction after termination of this Litigation to hear and resolve any disputes arising out of this Protective Order.

c. <u>Successors</u>. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

d. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any party to claim in this Litigation or otherwise that any Discovery Material,

or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Litigation or any other proceeding.

  e. <u>Actions to Protect Confidential Information</u>.  In the event that the Court determines that there is an actual or threatened breach of this Order by the party who received Protected Material, the Parties agree that the Producing Party would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Order, in addition to any other remedy the Party may be entitled at law or in equity.

  f. <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

  g. <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.

  h. <u>Ultimate Disposition</u>.  The ultimate disposition of all protected materials is subject to a final order of the Court on the completion of the above captioned litigation.

  **SO ORDERED**.

    Signed: October 7, 2024

_____
David C. Keesler
United States Magistrate Judge

**AGREED TO**:


*/s/ Robert L. Lindholm*
Robert L. Lindholm (N.C. Bar No. 52800)
NELSON MULLINS RILEY & SCARBOROUGH, LLP
301 South College St., 23rd Floor
Charlotte, North Carolina 28202
(704) 417-3000 Telephone
(704) 377-4814 Facsimile
Email: robert.lindholm@nelsonmullins.com

and

Toby K. Henderson     (0071378)
(*pro hac vice*)
Kaitlyn C. Meeks     (0098949)
(*pro hac vice*)
SEBALY SHILLITO + DYER
A Legal Professional Association
40 North Main Street
1900 Stratacache Tower
Dayton, Ohio 45423
(937) 222-2500 Telephone
(937) 222-6554 Facsimile
Email: thenderson@ssdlaw.com
         kmeeks@ssdlaw.com
*Attorneys for Plaintiff*
*Crown Equipment Corporation*

*/s/ John B. Riordan by /s/ Robert L. Lindholm*
*Per 10/01/24 email approval*
Andrew Connors     N.C. Bar No. 59883
DARKHORSE LAW PLLC
119 Tradewynd Drive, Suite B
Lynchburg, Virginia  24502
(800) 729-4292 Telephone
(540) 301-6460 Facsimile
Email:  andrew@darkhorselaw.com

and

Abbi Harris (N.C. Bar No. 59883)
NAMAN HOWELL SMITH & LEE PLLC
400 Austin Avenue, Suite 800
Waco, Texas 76701
(254) 755-4100 Telephone
(254) 72-6331 Facsimile
Email: aharris@namanhowell.com

and

John Riordon (N.C. Bar No. 54973)
FIDELITY LAW GROUP
8511 Davis Lake Parkway, Suite C6-138
Charlotte, North Carolina 28269
(704) 285-8111 Telephone
Email: j.riordon@theflg.com
*Attorneys for Defendants*
*David Brady, William Tucker, Brawtus Holding, Inc.*
*Pneu-Mech Dissolution, LLC and Brawtus Management,*
*LLC*

/s/ Gerald A. Stein by /s/ Robert L. Lindholm
*Per 10/02/24 telephone approval*
Gerald A. Stein         (N.C. Bar No. 36408)
Jarrod B. Summey     (N.C. Bar No. 49548)
HEDRICK GARDNER KINCHELOE &
GAROFALO LLP
4201 Congress Street, Suite 300
Charlotte, North Carolina
(704) 319-5464
Email: astein@hedrickgardner.com
            jsummey@hedrickgardner.com
*Attorneys for Defendant*
*Pneu-Mech Systems Manufacturing*
*And Third Party Defendants*
*James Andrews and Jerry Trostle*

*/s/ C. Andrew Dandison by /s/ Robert L. Lindholm*
*Per 10/03/24 email approval*
Ryan L. Bostic        (N.C. Bar No. 44982)
C. Andrew Dandison  (N.C. Bar No. 52095)
Kayla McDaniel       (N.C. Bar No. 57995)
CRANFILL SUMNER LLP
5535 Currituck Drive, Suite 210
Wilmington, NC  28403
(910) 777-6068 Telephone
(910) 777-6146 Facisimile
Email: rbostic@cshlaw.com
           adandison@cshlaw.com
           kmcdaniel@cshlaw.com
*Attorneys for Defendant*
*Joseph Boggs*


*/s/ Tomi M. Suzuki by /s/ Robert L. Lindholm*
*Per 09/30/24 email approval*
Bo Caudill           (N.C. Bar No. 45104)
Tomi M. Suzuki       (N.C. Bar No. 55561)
VILLMER CAUDILL, PLLC
P.O. Box 18186
Charlotte, North Carolina 28218
(704) 216-8120 Telephone
(704) 705-8191 Facsimile
Email: bocaudill@villcaudill,com
           tomisuzki@villcaudill.com
*Counsel for Defendant*
*United Finishing Systems, LLC*

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of North Carolina on _____, 2024 in the case of Crown Equipment Corporation v. David Brady, et al., Case No. 5:23-CV-059-KDB-DCK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____