**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**Civil Action No. 5:23-cv-00059**

| | |
|---|---|
| **CROWN EQUIPMENT CORPORATION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DAVID BRADY, WILLIAM TUCKER, JOSEPH BOGGS, BRAWTUS HOLDINGS COMPANY, INC. (F/K/A PNEU-MECH SYSTEMS MANUFACTURING, INC.), BRAWTUS MANAGEMENT COMPANY, LLC, PNEU-MECH SYSTEMS MANUFACTURING, LLC (N/K/A PNEU-MECH DISSOLUTION, LLC), PNEU-MECH SYSTEMS MANUFACTURING, INC., UNITED FINISHING SYSTEMS, LLC,**<br><br>**Defendants,**<br><br>**v.**<br><br>**DAVID BRADY, ET AL.,**<br><br>**Third-Party Plaintiffs,**<br><br>**v.**<br><br>**JAMES ANDREWS AND JERRY TROSTLE,**<br><br>**Third-Party Defendants.** | **DEFENDANT PNEU-MECH SYSTEMS MANUFACTURING, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF'S COMPLAINT** |

**INTRODUCTION**

Having failed to disclose timely, necessary expert testimony and preserve evidence establishing breach, causation, or damages related to the design and installation of a complex powder coating system, Crown Equipment Corporation ("Crown") claims against Pneu Mech 3.0 fail as a matter of law. Further, inspection of the Crown facility confirms Crown's tort claims are barred by the economic loss rule. Therefore, Pneu-Mech 3.0 is entitled to judgment as a matter of law on Crown's claims.

1

<u>**ARGUMENT**</u>

**I.** <u>**There is No Issue of Material Fact of Any Alleged Breach or Causation of Damages.**</u>

**A. Breach**

Crown cannot carry its burden of establishing a breach of a standard of care as it does not have expert testimony nor does the evidence to support such assertion. Both North Carolina and Ohio Law recognizes the necessity of expert testimony to establish a breach of contract and breach of the standard of care for negligence claims in a construction context. *See Claris, Ltd v. Hotel Development Services, LLC*, 104 N.E.3d 1076, 1084-87 (Oh. App. 2018); *see also Associated Indus. Contractors, Inc. v. Fleming Eng'g, Inc.*, 162 N.C. App. 405, 410, 590, S.E.2d 866, 870 (2004), *aff'd*, 359 N.C. 296, 608 S.E.2d 775 (2005. Ohio law requires expert testimony to establish "industry standards." *Marchese Concrete Co., Inc. v. DeRubba*, 2006 WL 212367, at *5-6 (Oh. Ct. App. 2006). Not only has Crown failed to provide the necessary expert testimony under Fed. R. Evid 702-703 to establish breach of any duty of the standard of care, but the only expert testimony of this matter is Engineering Systems Inc.'s ("ESI") structural engineer expert, Andrew Johnson's findings. [Exhibit 14].

Crown alleges that Pneu-Mech 3.0 improperly engineered and designed the powder system but has presented no testimony from the powder coating industry, or from any engineer, that the system was errantly engineered, not in accordance with the standard of care, or out of line with industry standards. However, ESI did not find that Pneu-Mech 3.0 breached a standard of care. In fact, it was at Crown's requirement that an Ohio engineer prepare, stamp, and seal the engineering plans for the powder coating system. *Crown 30(b)(6) Dep.*, 203:15-204:1, Doc. 155-7.

Crown has no testimony from an Ohio licensed structural engineer, in-house or external, that the connections were improperly engineered, departed from the standard of care of an Ohio licensed structural engineer, or did not adhere to industry standards. *Dep. Crown 30(b)(6)*, 246:9-

249:17, Doc. 155-7. ESI opined that while the replacement of the threaded rod hangers was reasonably warranted, the usage of the threaded rod hangers was a result of the design decision made by the engineer chosen by Crown. [Exhibit 14, p. 15]. This decision was not one made by Pneu-Mech 3.0, but instead an Ohio licensed engineer based off Crown's requirements. Additionally, Crown has not set forth evidence that a specific standard of care of Ohio structural engineering has been breached. Given the lack of necessary expert testimony and evidence to establish a breach of the standard of care there is no genuine issue of material fact, and therefore Pneu-Mech is entitled to judgment as a matter of law.

## B. Causation

Crown has failed to carry its burden of establishing causation of damages. Given the highly technical nature of the powder coating system and the disparate variety of damages claimed, causation requires expert testimony. Ohio law requires expert testimony to establish causation of damages in breach of contract and negligence claims in construction matters. *See Claris*, 104 N.E.3d at 1084-85 (Oh. Ct. App. 2018); *see also Cole v. Toledo Refining Company, LLC*, 2024 WL 4893902, at *4 (N.D. Oh. Nov. 26, 2024). ESI opined that as the structural repairs had already been made to the building, any analysis of the alleged thermal damage was inconclusive as there was no presence of thermal damage upon the inspection. Contrary to Crown's allegations, ESI found no evidence to suggest that any damage sustained to the steel roof trusses, metal roof deck, bolted structure connections, roof insulated metal wall panels, or acoustic ceiling tiles were as a result of heat caused by the ovens installed by Pneu-Mech 3.0 [Exhibit 14, p. 16]. There is no adverse expert testimony to ESI's opinions as Crown has not offered such necessary testimony or additional findings, nor did it preserve evidence of the alleged damages. As such, there is no genuine issue of material facts regarding the causation of Crown's alleged damages. Crown has

failed to carry it burden of proof regarding causation of damages, and therefore, its negligence and breach of contract claims should be dismissed.

## C. Damages

Crown has failed to offer evidence to support its alleged damages. Not only has Crown not offered any expert testimony, but Crown's damage-related evidence does not contain supporting documents to support its claimed expenses. [Exhibit 14, p. 15]. However, ESI found no supporting evidence to conclude that Crown's claimed expenses and repair costs were necessary to mitigate the alleged damage from the initial operation of the ovens. [Exhibit 14, p. 16]. Crown's "lion share" of its claimed damages stem from the rehanging of a Daifuku conveyor system. (*Crown 30(b)(6) Dep*. 250:20-251:1). However, ESI opined that the decision to utilize the threaded rod instead of the angle supports that ultimately replaced the latter, was a design decision made by the Ohio licensed engineer, retained to design the connections at Crown's request. [Exhibit 14, p. 16]. Crown's alleged damages not only were found unjustifiable by ESI, but Crown has failed to offer any timely, adverse expert testimony to support its own assertions. Therefore, Crown's claims fail as a matter of law.

## II. The Exception to the Economic Loss Rules Does Not Apply as Crown Has Not Established Actual Damages.

The tort bar of the economic loss rule may be overcome through the exception of establishing damage sustained to any other property. *Chemtrol Adhesives, Inc. v. Am. Mfr. Mut. Ins. Co.*, 42 Ohio St. 3d 40, 44, 537 N.E.2d 624, 630 (Oh. 1989); *Crescent Univ. City Venture, LLC. v. Trussway Mfg., Inc.*, 376 N.C. 54, 58, 853 S.E.2d 98, 1010 (2020). However, to establish actual damage to any property surrounding the system, expert testimony is required because the issues are complex and highly technical. *Supra*. Crown has merely relied on the lay opinion of their 30(b)(6) designee who could not identify any, actual damages caused by the system, as he was uncertain whether

there was any physical damage caused by the heat of the cure oven. *Crown 30(b)(6) Dep*. 217:11-218:4; 220:7-10; 222:2-12; 222:24-223:25; 226:19-227:3; 228:5-14; 228:17-229:5; 229:20-25. Contrary to Crown, ESI found no evidence of heat-related damage sustained to the surrounding areas of the system. [Exhibit 14, p. 16]. As Crown has failed to preserve evidence as it relates to its alleged actual damages, its speculations of extent of damages and reasonableness of repairs is not a sufficient basis for its actual damages. It is because of Crown's own lack of preservation of evidence as to why ESI is unable to opine the extent of alleged actual damages, and therefore Crown should not reap the benefit of its own failure to document or preserve critical evidence to establish actual damages. As such, the lack of supporting expert testimony and merely speculative lay testimony regarding potential damage cannot overcome summary judgment of Crown's tort claims under the economic loss rule.

## CONCLUSION

Based on the foregoing arguments and authorities in Defendant's previous submissions and this supplement, Defendant Pneu-Mech Manufacturing Systems, Inc. respectfully submits that their Summary Judgment Motion be granted pursuant to Rule 56.

**This the 10th day of November, 2025.**

**HEDRICK GARDNER KINCHELOE & GAROFALO LLP**


By:     */s/ John L. Wright*
        **JOHN L. WRIGHT**
        **N.C. State Bar No. 45554**
        **DAJA D. BURGEE**
        **N.C. State Bar No. 61739**
        **4201 Congress St, Suite 300**
        **Charlotte, NC 28209**
        **Direct (John): 704-319-5436**
        **Direct (Daja): 980-340-8649**
        jwright@hedrickgardner.com
        dburgee@hedrickgardner.com
        *Attorneys for Defendant Pneu-Mech*
        *Systems Manufacturing, Inc.*

## CERTIFICATE OF COMPLIANCE WITH COURT ORDER AS TO USE OF ARTIFICIAL INTELLIGENCE

I hereby certify that the foregoing document complies with the Order issued by the Court on June 18, 2024 as to the use of artificial intelligence (AI) in briefs or memorandums as follows:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at hi/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

**This the 10th day of November, 2025.**

**HEDRICK GARDNER KINCHELOE & GAROFALO LLP**

**By:**  */s/ John L. Wright*
         **JOHN L. WRIGHT**
         **N.C. State Bar No. 45554**
         **DAJA D. BURGEE**
         **N.C. State Bar No. 61739**
         **4201 Congress St, Suite 300**
         **Charlotte, NC 28209**
         **Direct (John): 704-319-5436**
         **Direct (Daja): 980-340-8649**
         jwright@hedrickgardner.com
         dburgee@hedrickgardner.com
         *Attorneys for Defendant Pneu-Mech Systems Manufacturing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2025, I electronically filed the foregoing *Defendant Pneu-Mech Systems Manufacturing, Inc.'s Supplemental Memorandum of Law in Support of its Motion for Summary Judgment of Plaintiff's Complaint* with the Clerk of Court using the CM/ECF system which will send notification of filing to all counsel of record.

This the 10th day of July, 2025.

**HEDRICK GARDNER KINCHELOE & GAROFALO LLP**

**BY: /s/ John L. Wright**
**Attorneys for Defendant Pneu-Mech Systems Manufactuering, Inc.**

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2025, I electronically filed the foregoing *Defendant Pneu-Mech Systems Manufacturing, Inc.'s Supplemental Memorandum of Law in Support of its Motion for Summary Judgment of Plaintiff's Complaint* with the Clerk of Court using the CM/ECF system which will send notification of filing to all counsel of record.

This the 10th day of July, 2025.

**HEDRICK GARDNER KINCHELOE & GAROFALO LLP**

**BY: /s/ John L. Wright**
**Attorneys for Defendant Pneu-Mech Systems Manufactuering, Inc.**

8